408 So.2d 1381 (1982)
Ruth T. WHEELER
v.
Radolfo N. ARRIOLA, M.D.
No. 53192.
Supreme Court of Mississippi.
February 3, 1982.
*1382 Mitchell, McNutt, Bush, Lagrone & Sams, Jean S. Magee, Tupelo, for appellant.
Jimmy E. McElroy, Fulton, for appellee.
Before SMITH, ROY NOBLE LEE and BOWLING, JJ.
ROY NOBLE LEE, Justice, for the Court:
Ruth T. Wheeler appeals from a judgment of the Circuit Court of Itawamba County, Honorable Thomas J. Gardner, III, presiding, reversing the Board of Review, Mississippi Employment Security Commission, which allowed unemployment insurance benefits arising from her discharge while in the employ of Rodolfo N. Arriola, M.D.
The appellant contends that the lower court erred in finding that the cause of her discharge was for misconduct connected with her employment, in reversing the Board of Review's decision, and in ordering the commission to disallow appellant's benefits.
Appellant was employed by appellee from March 11, 1978, to August 5, 1980, when she was terminated by him. Appellee testified that appellant failed to properly post $15 on a July 30, 1980, receipt and $10 on July 10, 1980, and that similar incidents occurred on January 10, June 19 and June 20, 1980. He further indicated that appellant permitted persons to give her haircuts in appellee's office during work hours, which displeased him.
Appellant filed a claim for benefits under the Mississippi Employment Security Law and the claims examiner allowed same, holding there was no evidence, under the law, to support appellant's discharge for misconduct connected with her work. The employer appellee appealed and the referee, Mississippi Employment Security Commission, determined that appellant's actions did constitute misconduct, reversed the decision of the claims examiner allowing unemployment benefits and disqualified the appellant for them.
Appellant appealed to the Board of Review, which made the following findings of fact:
FINDINGS OF FACT AND OPINION: The claimant was employed by Rodolfo N. Arriola, MD, Fulton, Mississippi, for some two years as a secretary-receptionist and bookkeeper. She was discharged from her employment on August 5, 1980 because the employer was dissatisfied with her work performance, and because of some errors in the bookkeeping procedure. There is no evidence to show that the claimant failed to perform the work to the best of her ability or wilfully failed to follow any instructions given by the employer. The evidence also does not show that any errors in the bookkeeping were due to any wilful or intentional neglect on the part of the claimant or any misappropriation of funds by her. The employer certainly had the right to discharge the claimant if he was dissatisfied with her work performance, but the evidence does not substantiate a finding that the claimant was discharged for misconduct connected with her work, within the meaning of the Law. The disqualification for benefits, therefore, is not warranted.
*1383 Accordingly, the decision of the referee was reversed, the disqualification of appellant was cancelled, and she was awarded unemployment benefits. Appeal was taken to the Circuit Court of Itawamba County which reinstated the decision of the referee, disqualifying appellant from benefits.
The threshold question is whether or not the charges against appellant, and her conduct, constituted misconduct under the law, and whether or not the findings and decision of the Board of Review were supported by substantial evidence.
Section 71-5-513, Miss. Code Ann. (1981 Supp.) states the following:
A. An individual shall be disqualified for benefits:
(2) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the commission, and for as many additional weeks, and fractions thereof, which immediately follow such week, not exceeding twelve (12) weeks, as the commission prescribed in each case.
In Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941), the Wisconsin Court addressed the question of what constituted misconduct in unemployment compensation statutes. The Court held that the meaning of the term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
In Jacobs v. California Unemployment Insurance Appeals Board, 25 Cal. App.3d 1035, 102 Cal. Rptr. 364 (1972), the Court said:
The conduct may be harmful to employer's interests and justify the employee's discharge; nevertheless, it evokes the disqualification for unemployment insurance benefits only if it is wilful, wanton, or equally culpable. (25 Cal. App.3d at 1037, 102 Cal. Rptr. at 366)
The general law on the subject is stated in 26 A.L.R.3d 1356:
There is little disagreement that work-connected negligence or inefficiency constitutes "misconduct" within the meaning of the applicable statute precluding a discharged employee from unemployment compensation benefits when of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional and substantial disregard of an employer's interests or of an employee's duties and obligations. Conversely, mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, isolated instances of ordinary negligence, or good-faith errors in judgment or discretion are not considered "misconduct" precluding a discharged employee from unemployment compensation benefits. (26 A.L.R.3d at 1358)
The Board of Review found that appellant was discharged from her employment on August 5, 1980, because her employer, appellee, was dissatisfied with her work performance and because she made some errors in the bookkeeping procedure. The board further found that there was no evidence to show that appellant failed to perform the work to the best of her ability or that she willfully failed to follow any instructions given by the employer, and that *1384 the evidence did not reflect errors in the bookkeeping were due to any willful or intentional neglect on the part of the appellant or any misappropriation of funds by her. The board stated that the employer had the right to discharge the claimant, if he was dissatisfied with her work performance, but that the evidence did not substantiate a finding against appellant of misconduct connected with her work.
Section 71-5-531 Miss. Code Ann. (1972), provides:
In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
In Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 116 So.2d 213 (1959), the Court stated:
The legislature has clearly provided that judicial review of decisions of the Board of Review shall be confined to questions of law. (237 Miss. at 747, 116 So.2d at 214)
The principle is well settled that an order of the Board of Review of the Employment Security Commission on the facts is conclusive upon the lower court, if supported by substantial evidence and in the absence of fraud, and the scope of review requires the determination of the sufficiency of the evidentiary basis of the decision. Miss. Emp. Sec. Comm'n v. Fortenberry, 193 So.2d 142 (Miss. 1966); Williams v. Mississippi Employment Sec. Comm'n., 395 So.2d 964 (Miss. 1981).
We are of the opinion that the finding and order of the Board of Review of the Mississippi Employment Security Commission is supported by substantial evidence. The order of the lower court reversing the decision of the Mississippi Employment Security Commission is reversed and judgment is rendered here reinstating the decision and order of the Board of Review of the Mississippi Employment Security Commission allowing unemployment security benefits for appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
DAN M. LEE, J., took no part.