GRIFFIN, Justice,
for the Court:
This is an appeal from an Order of the Pearl River County Circuit Court, affirming the Board of Review of the Mississippi Employment Security Commission (hereinafter “MESC”). The Board held that ap-pellee, Lynda M. Raper, was not guilty of misconduct connected with her work so as to be disqualified from receiving unemployment benefits.
The City of Picayune and the Picayune Police Department appeal, urging that the decision of the Board of Review is erroneous as a matter of law and is unsupported by substantial evidence.
I.
Lynda M. Raper worked for approximately six (6) years for the City of Picayune Police Department, Picayune, Pearl River County, Mississippi, as a dispatcher. Her employment came to an end on September 25, 1985, at which time she was discharged for misconduct. Raper filed a claim with the MESCj which it denied based on her misconduct in violation of § 71-5-513(2).
A hearing was held before the Referee, at which time several witnesses testified for the City of Picayune Police Department, and various exhibits were entered into evidence on its behalf.
One such exhibit, a letter from Lt. Charles Stockstill, Interim Chief of Police, to the City of Picayune Police Personnel Department, stated that Raper’s discharge stemmed from her receipt of over $700 worth of personal long distance collect telephone calls from her son, Dale Raper, who was incarcerated at the time of the calls in the State Prison at Parchman, Mississippi.
During the period of January to August, 1985, there were approximately 141 collect calls made and accepted by claimant which amounted to over $700. In the beginning, Mrs. Raper accepted a very limited number of calls. As time passed, the practice increased. In July and August she was accepting four to five calls daily.
Raper alleged that she had been authorized to accept these calls by Chief Lorance Lumpkin, formerly of the Picayune Police Department, conditioned on her offer to reimburse the department. The record supports a finding that Lumpkin authorized acceptance of a limited number, two or three. Other testimony by Stockstill, Tony Gibson and Nancy Durham (all employed by the Picayune Police Department) established that no such authorization had been given, or at least a very limited permission was granted, and that no offer of reimbursement had been made by Raper.
At the close of the hearing, the Referee found that Raper was discharged for misconduct in violation of § 71-5-513(2) and held her ineligible for benefits as per the decision of the MESC. Raper appealed to the Board of Review, who reversed. The circuit court affirmed and subsequently the City of Picayune Police Department has appealed.
II.
The Board of Review reversed the Referee but made no finding that Mrs. Raper *1332 did not violate any “rule or policy of the employer”, but that the violation was not willful and further that “the evidence shows, however, that claimant had been given permission to accept such calls and that it had been a common practice among other employees to make or accept such calls.” It would hardly be good law to allow one to engage in misconduct because others did, even if the record supported such a finding (which it does not).
Numerous directives had been published to all employees of the police department prohibiting the activities in which Mrs. Raper engaged, among them is one which reads as follows:
1. It has come to my attention that a large number of long distance telephone calls are being made and received by department personnel.
2. All personnel are reminded that only official calls may be charged to the police department. No personal calls may be made or accepted, if they are being charged to the police department.
3. The permission of the Chief, Assistant Chief, or Officer of the Day, must be obtained before any member of this department shall charge a long distance call. Such calls must pertain to official police business.
4. Collect calls shall not be accepted unless the officer accepting the call is certain that the call pertains to a matter being handled by this department. Also, calls from the Chief of Police, Assistant Chief, or other officers on out of town assignments may also be accepted.
5. All long distance calls charged to this department must be entered in the long distance telephone log maintained in the Radio Room.
6. Long distance telephone bills shall be checked against the telephone log and any discrepancies shall be investigated.
7. Failure to comply with any provision of this memorandum shall result in disciplinary action.
This was signed by Richard B. Martin, the Police Chief, and among other directives announcing the same rule was one from Lorance Lumpkin, who allegedly gave Mrs. Raper permission to violate the rule. All we can say concerning this is that we would then have two people guilty of misconduct instead of one. However, it taxes the credulity of the Court to believe that the Chief of Police gave Mrs. Raper unfettered permission to accept telephone calls at the expense of the taxpayers of the City of Picayune. However, be that as it may, the record clearly shows that the practice continued when Mr. Lumpkin was no longer chief.
In Miss. Employment Sec. Com’n. v. Borden, Inc., 451 So.2d 222 (Miss.1984), we addressed the question concerning eligibility for unemployment benefits as a result of excessive garnishments, and in doing so Judge Prather wrote the following:
The issue presented here is whether excessive garnishments constitute “misconduct connected with his work” as contemplated by Mississippi Code Annotated section 71-5-513(A)(2) (Supp.1983).
Section 71-5-513(A)(2) provides that: An individual shall be disqualified for benefits.
[[Image here]]
(2) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work.
[[Image here]]
(Emphasis added).
This Court in Wheeler v. Arriola, M.D., 408 So.2d 1381 (Miss.1982) defined “misconduct” as:
(Qonduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, *1333 failure in good performance as the result of inability or incapacity, or inad-vertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
(Boynton Cab Co. v. Neubeck, 237 Wis.249, 296 N.W. 636 (1941).
It is noted that this factual situation is extreme. There is no testimony about undue personal hardships such as excessive medical expense, work lay-offs, or uneffected losses that would explain large indebtednesses. On this record there is only the bare listing of the four creditors which include a jewelry store and a clothing store.
It is the view of this Court that seven garnishments from four different creditors of the employee with an announced and published plant policy against this conduct evidences “conduct evincing wanton disregard of the employer’s interest” and a “disregard of standards of behavior which the employer has a right to expect.” Wheeler, supra.
We hold excessive garnishments under a reasonable and constitutionally permissible garnishment policy does constitute “misconduct connected with his work” to preclude unemployment benefits.
Here, as in Borden, we have a clearly announced and published directive or policy concerning the use of the telephone by the employees of the Picayune Police Department, and it goes undisputed that Mrs. Raper violated the policy with impunity. Therefore, following Borden, supra, we hold that she was guilty of misconduct as a matter of law and reverse.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.