806 So.2d 1178 (2002)
Mitchell REEVES, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Meridian Machine Works, Appellees.
No. 2001-CC-00267-COA.
Court of Appeals of Mississippi.
February 5, 2002.
Laurel G. Weir, Philadelphia, Attorney for Appellant.
Albert B. White, Madison, Attorney for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
IRVING, J., for the Court.
¶ 1. This appeal arises from a decision of the Circuit Court of Lauderdale County affirming the decision of the Board of Review of the Mississippi Employment Security Commission (MESC) denying unemployment benefits to Mitchell Reeves. In this appeal, Reeves asserts a single issue: the decision of the lower court is contrary to the overwhelming weight of the evidence and not supported by the law. Finding no reversible error, we affirm.

*1179 FACTS
¶ 2. Mitchell Reeves was employed as a flame cut operator for Meridian Machine for fifteen years. He was discharged on May 30, 2000, for insubordination. On May 25, 2000, Robin Hewitt, fabrication foreman for Meridian Machine, instructed Reeves to clean up the parts that Reeves burned. Reeves refused and asked for a helper to set up and clean, but Hewitt told Reeves that he was unable to hire anyone due to the workload situation. Hewitt warned Reeves that if he did not comply he would be terminated. Reeves did not comply and was terminated as Hewitt promised.
¶ 3. After Reeves's termination, he filed for unemployment benefits. The claims examiner determined that Reeves was terminated for misconduct connected to his employment and disqualified him for unemployment benefits. Reeves appealed this decision to the MESC. A hearing was held. Reeves appeared without counsel and testified. Hewitt testified on behalf of Meridian Machine. Following the conclusion of the hearing, the referee found that:
The claimant was discharged May 30, 2000, for insubordination. The claimant maintains that he did not perform the duties due to a back injury and work restrictions on bending and lifting. However, the claimant did not make the employer aware of any work restrictions and has not submitted any documentation to support his claim.
* * * *
The claimant was discharged for refusing to perform assigned duties. It is the opinion of the referee that the claimant's actions constitute misconduct connected with the work as that term is defined. Therefore, the decision of the Claims Examiner will be modified as to[sic] beginning date of disqualification only.
¶ 4. Reeves appealed to the Board of Review and the Board affirmed the referee's decision. Reeves then appealed to the Circuit Court of Lauderdale County which affirmed the Board of Review of the MESC.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. When reviewing a decision of the MESC, this Court must affirm when the decision is supported by substantial evidence. Richardson v. Miss. Employment Sec. Comm'n, 593 So.2d 31, 34 (1992). Section 71-5-513 A(1)(b) of the Mississippi Code of 1972, as annotated and amended, provides that "an individual shall be disqualified for [unemployment] benefits ... for misconduct connected with his work if so found by the commission." Miss.Code Ann. § 71-5-513 A(1)(b) (Rev.2000).
¶ 6. In Wheeler v. Arriola, 408 So.2d 1381 (Miss.1982), the Mississippi Supreme Court defined "misconduct" as "conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee." Id. at 1383. "Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered `misconduct' within the meaning of the statute." Id.
¶ 7. In the case at bar, Reeves's failure to clean up the parts as instructed by Hewitt constitutes misconduct. Although Reeves contends that he refused because of his back injury and medical restrictions, no evidence in the record reveals that he had any medical restrictions or that the employer was even aware of *1180 Reeves's condition. The only medical evidence introduced at the hearing was Employer Exhibit 1, a medical release from the Mississippi Spine Clinic, which stated that Reeves was released, without restrictions, to return to work on September 7, 1999. Moreover, Reeves failed to discuss his alleged condition with Hewitt, or any other supervisory personnel. When Reeves was asked at the hearing on July, 19, 2000, if he reminded Hewitt about his medical restrictions, Reeves responded "[b]ecause it wouldn't do any good for me to talk to [sic] anyway." For the reasons discussed above, the decision of the lower court affirming the decision of the MESC denying Reeves's employment insurance benefits is affirmed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.