MYERS, J.,
for the court.
¶ 1. Magnolia Regional Health Center (Magnolia Regional) terminated the employment of the appellant, Andreda D. Brown, on August 15, 2001. She was denied unemployment benefits by the Mississippi Employment Security Commission (MESC). She appealed her denial of benefits to both an appeals referee and the Alcorn County Circuit Court. Both of these forums affirmed the initial decision to deny Brown benefits. Brown then appealed to this Court, claiming she was unjustly terminated from her employment at Magnolia Regional.[1]
*298 Facts and Procedural History
¶ 2. Brown was hired by Magnolia Regional on February 24, 1996. Her job title was patient service coordinator. Approximately two years later, she received a promotion to department facilitator in the dietary department. On July 28, 2001, Brown was demoted back to patient service coordinator. Magnolia Regional explained to Brown that the position of department facilitator had been eliminated.
¶ 3. On August 15, 2001, Brown’s immediate supervisor tried to get Brown to release to him a computer password that was essential to the daily functions of Magnolia Regional. The only other person with the password had been Brown’s previous supervisor. Brown had needed the password while in the position of departmental facilitator, but apparently no longer needed it as a patient service coordinator. While as a departmental facilitator, Brown had been advised to not reveal the password to anyone. Brown refused to give the password to her supervisor. Magnolia Regional’s CEO even communicated to Brown, telling her to give the supervisor the password, and that without the password, the dietary department would not be able to do its daily work. Brown still refused to divulge the password. Brown was then discharged on the basis of misconduct, specifically, insubordination based on the above-described incident.
¶ 4. Brown filed for unemployment benefits the next day, August 16, 2001. The claims examiner investigated the claim and, based on the circumstances surrounding Brown’s termination, decided that she did not qualify for unemployment benefits. Brown filed a notice of appeal of this decision on September 5, 2001.
¶ 5. The appeals referee heard the case on September 27, 2001. The referee also decided that Brown was not qualified for benefits. Brown next appealed to the Al-corn County Circuit Court. There, the circuit judge affirmed MESC’s decision to deny benefits.
Legal Analysis
¶ 6. Our inquiry into this case is limited by statute. When a decision of the Mississippi Employment Security Commission Board of Review is appealed first to a circuit court, and then to this Court, we must limit our review to questions of law. Miss.Code Ann. § 71-5-581 (Rev.2000); Huckabee v. Mississippi Emp. Sec. Comm’n, 735 So.2d 390, 393(119) (Miss.1999). It is the board of review that is the fact finder, and we will not disturb its findings if they are supported by the evidence. § 71-5-531.
¶ 7. Brown was discharged from her employment for misconduct. The Mississippi Supreme Court defined misconduct, as used in this context, as “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 8. Brown’s refusal to turn over the password certainly meets that definition. She was told to turn over the password and refused to do so. She was told that the password was needed for the daily operations of her department. She continued to refuse to turn over the password. The chief executive officer of Magnolia Regional told her to turn it over, and she refused. Granted, Brown probably felt some conflict since, in her previous position, she had been told not to reveal that password to anyone, and that if she did reveal the password, she would be subject to disciplinary action. However, she was no longer in a position where she needed the password to carry out her duties. Additionally, the highest ranking official at Magnolia Regional, the CEO, told her to *299 turn over the password. Surely, she could not expect that following the CEO’s order would result in disciplinary action. Magnolia Regional had an expectation that Brown would divulge the password so that its daily operations could be carried out. Refusing the orders of all those above her demonstrates a willful and wanton disregard of that expectation. The denial of unemployment benefits is affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.

. Brown did not include a statement of issues as required by M.R.A.P. 28(a). The only indication of any issues in her brief or the record is a sentence stating, "Appellant alleges that she has been unfairly and unjustly terminated from her employment at Magnolia Regional Health Center....” We therefore have used this as the only issue she raises in this appeal.