MYERS, P.J.,
for the Court.
¶ 1. This appeal arises from the judgment of the Circuit Court of Hinds County affirming the Board of Review of the Mississippi Employment Security Commission (Commission) which granted unemployment benefits to Roy Hubbert, former vice-president of finance for Time Warner Cable, Inc. (Time Warner). Time Warner only presents one issue for this Court to decide:
WHETHER THE CIRCUIT COURT OF HINDS COUNTY ERRED IN HOLDING THAT THE ACTIONS OF ROY HUBBERT FAILED TO RISE TO THE LEVEL OF MISCONDUCT.
FACTS
¶ 2. Roy Hubbert was employed by Time Warner as vice-president of finance from March 29, 2000, until September 4, 2001. The stated reasons for Hubbert’s termination were (1) inability to rely on the accuracy of work product; (2) lack of depth of knowledge and capable judgment to perform duties required of the division’s chief financial officer; and (3) insubordination.
¶ 3. Following his termination from employment, Hubbert applied for unemployment benefits. His claim was investigated by a claims examiner from the Commission. The examiner interviewed Time Warner’s human resources representative and Hubbert. Following the investigation, the examiner found that Hubbert was eligible for unemployment benefits due to Time Warner’s failure to prove that Hub-bert was discharged for misconduct.
¶ 4. Time Warner appealed the examiner’s finding. A hearing was held before a referee on September 4, 2001. Testimony was taken from Bill Farmer, president and CEO of Time Warner and Hubbert. Farmer testified that Hubbert was discharged for performance errors, failure to follow directives, errors in reports, unsatisfactory training of employees, and failure to hire an additional office manager. Hub-bert testified that the errors in reports were due to terminology that may have been misleading, that Time Warner gave him until the end of the year to comply with directives, that his department was understaffed and poorly trained when he arrived, and that he did his best. The referee found that Time Warner advised Hubbert that he was being terminated for lack of depth of knowledge, or capable judgment to perform the chief financial officer duties, such that he was not terminated for misconduct.
¶ 5. Time Warner then appealed to the Board of Review which affirmed the findings of the referee’s fact finding and opinion. Following this unsatisfactory result, Time Warner appealed to the Circuit Court of Hinds County. Following the filing of briefs by both the Commission and Time Warner, the circuit court entered an order affirming the Board of Review’s decision. From that order Time Warner appealed to this Court.
STANDARD OF REVIEW
¶ 6. The standard of review for appeals from decisions from the commission is limited. “In any judicial proceedings ..., the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law....” Miss.Code Ann. Section 71-5-531 (Supp.2004).
*822 DISCUSSION
¶ 7. Time Warner argues in this appeal that the actions of Hubbert rise to the level of misconduct and he should be denied unemployment benefits. As Time Warner’s basis for misconduct by Hubbert, it points to his failure to reconcile certain accounts at the conclusion of each month and his statements to the contrary. As authority for the denial of unemployment benefits based on misconduct, Time Warner points this Court to Mississippi Code Annotated § 71-5-513 A(l)(b) (Supp.2005) which states that an individual shall be disqualified for benefits:
For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the department, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
¶ 8. The supreme court has defined misconduct in Mississippi as:
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 9. The claims examiner, referee, Board of Review and the Circuit Court of Hinds County all found that Hubbert did not commit misconduct during his time at Time Warner. The referee found that Hubbert had been discharged for errors in work performance and failure to follow the directives of the employer. Hubbert had informed Time Warner that accounts were being reconciled on a monthly basis. An audit of the accounts, following Hubbert’s dismissal, revealed the reconciliation was not being done as routinely as Hubbert had indicated. Reports submitted to Time Warner by Hubbert were found to contain errors. Hubbert admitted that there were errors in some reports, but he said those errors arose from misleading terminology. Hubbert was instructed to contact other chief financial officers within the company to establish a mentoring relationship. Hubbert stated that he had attempted to make contact and set up meetings, but due to scheduling had not done so. Additionally, Hubbert said he was given until the end of the year to establish the relationships. Hubbert admitted that the department was understaffed, poorly trained and that he was doing the best he could. Hubbert was terminated on September 4, 2001, by letter stating that he lacked the depth of knowledge and capable judgement to perform duties required for his position within the company. Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 907-08 (Miss.1994)(inability or incapacity resulting in failure of good performance is not misconduct).
*823 ¶ 10. We agree with the findings of the circuit court that Time Warner has not presented substantial evidence to indicate misconduct on the part of Hubbert; we affirm the holding of the Circuit Court of Hinds County.
¶11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ. CONCUR.