IRVING, J.,
for the Court.
¶ 1. The Trading Post, Inc. appeals from a judgment entered by the Circuit Court of Pike County, affirming the decision of the Department of Employment Security (the Department), awarding unemployment benefits to Connie Clark. The issue presented is whether an employee’s constant bickering with another employee after being ordered by the employer to cease constitutes misconduct which would disqualify the offending employee from re *635 ceiving unemployment benefits following the employee’s termination.
¶ 2. We find that, on the facts of this case, The Trading Post failed to show that Clark committed disqualifying misconduct within the meaning of the law. Therefore, we affirm the judgment of the circuit court, affirming the decision of the Department.
FACTS
¶ 3. Clark was employed for approximately one year as an office manager/see-retary with The Trading Post. She was fired after she asked the owner of The Trading Post if she could leave work early because a salesperson that she was working with insisted on setting the thermostat on sixty degrees and cursed her when she turned the thermostat to a higher setting. After Clark telephoned the owner and requested permission to leave work early, the owner came to the business and terminated Clark and the salesperson. The owner stated that he thought that he had resolved the problems between Clark and the salesperson, but later discovered that they once again began bickering with each other. According to the owner, Clark and the salesperson left him no other choice but to fire them because their constant bickering was bad for business.
¶ 4. Thereafter, Clark filed for unemployment benefits. Clark was issued a notice of non-monetary decision which stated that she was disqualified from receiving unemployment benefits because it was determined that she was discharged for misconduct connected with her work. Clark appealed the non-monetary decision. As a result of her appeal, a hearing was conducted by an appeals referee. The referee found that “Clark was discharged because she was experiencing difficulty working with the sales representative ... however, the employer had failed to show misconduct as that term is defined.” The Board of Review and circuit court affirmed the appeals referee’s decision.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. When reviewing a decision by a chancery or circuit court concerning an administrative agency action, we apply the same standard of review that the lower courts are bound to follow. “We will entertain the appeal to determine whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party.” Miss. Sierra Club v. Miss. Dept. of Envtl. Quality, 819 So.2d 515, 519 (Miss.2002) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1216 (Miss.1993)).
¶ 6. The threshold question on appeal is whether the actions of Clark constituted misconduct under the law, thereby disqualifying her from receiving unemployment benefits. Mississippi Code Annotated section 71-5-513 A(l)(b) (Supp.2005) states in pertinent part that “[a]n individual shall be disqualified for benefits: [f|or for the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the department. ...” The seminal case in Mississippi for construing what constitutes misconduct within the meaning of the statute is Wheeler v. Arriola, 408 So.2d 1381 (Miss.1982). In Wheeler, the Mississippi Supreme Court held:
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the em *636 ployer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
Wheeler, 408 So.2d at 1383.
¶ 7. In the case before us, the employer’s primary complaint against Clark was that she failed to follow her employer’s instruction to discontinue arguing with her co-employee. According to The Trading Post, Clark’s refusal to follow her employer’s instruction amounted to insubordination which would disqualify her from receipt of unemployment benefits.
¶ 8. The Mississippi Supreme Court has defined insubordination as “a constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority.” Shannon Eng’g & Constr., Inc. v. Miss. Employment Sec. Comm’n, 549 So.2d 446, 449 (Miss.1989).
¶ 9. Here, the record does not clearly support that a direct, unambiguous order was given to Clark. However, even if we were to accept that Clark was given a direct order by her employer, there is nothing in the record to indicate that Clark intentionally refused to obey the order. In fact, the record clearly reflects that Clark willingly attempted to resolve the conflict with her co-employee at the request of her employer. Moreover, the record reveals that Clark was not the primary reason for the conflict between the two employees. Clark’s testimony during the hearing indicated that the salesperson was the instigating cause of the conflict between the two. There is nothing in the record to indicate that Clark was the initial aggressor or the principal reason for the ongoing bickering between the two employees. Clark stated in her testimony that the salesperson was the instigator. This testimony was not refuted.
¶ 10. In short, the record simply does not substantiate that Clark’s actions constituted insubordination or any other type of misconduct. The decision of the circuit court, affirming the decision of the Board of Review is affirmed.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.