ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. Linda Johnson was terminated from her position as receptionist for the City of Clinton (Clinton). The Hinds County Circuit Court held that Johnson was entitled to unemployment benefits. Clinton and the Mississippi Department of Employment Security (MDES) appeal and raise the following issue:
 

 Whether the circuit court erred, as a matter of law, by failing to affirm the actions and findings of the administrative law judge and the Board of Review of the Mississippi Department of Employment Security.
 

 Finding no error, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. From November 1, 2003, through October 27, 2006, Johnson worked as a receptionist for Clinton’s parks and recreation department. On three occasions, Johnson had been counseled for violating section 8.2.2 of Clinton’s Personnel Rules & Regulations.
 
 [1]
 
 Additionally, Johnson had been made aware on many occasions that her job performance was unsatisfactory.
 

 ¶3. On October 4, 2005, Johnson was issued a warning for insubordination for failing to follow the instructions of her interim supervisor. Specifically, although Johnson’s supervisor told her to leave her workstation open, Johnson locked her desk when she went to lunch. In July 2006, Johnson was given an assignment to prepare passes for a softball tournament. Johnson failed to have the passes completed on time. Johnson received a written warning. On August 16, 2006, Johnson was issued another warning and was suspended for three days for leaving a cash drawer unlocked and unsecured overnight. Clinton terminated Johnson after she failed to complete a project that involved printing and mailing over 500 letters to participants in the National Senior Olympics Games.
 

 ¶ 4. Just prior to her termination, Johnson filed a grievance with her employer concerning her supervisor, the director of parks and recreation. Johnson felt discriminated against because of her age, and she considered her supervisor’s conduct toward her as hostile. The charges were found to be unwarranted.
 

 ¶ 5. Johnson filed for unemployment benefits. Johnson initially received benefits. However, Clinton appealed and sent copies of the written warnings, performance evaluation, personnel policy, and other documents to the MDES. The administrative law judge conducted a hearing and reversed the claims examiner’s decision to award benefits to Johnson. According to the administrative law judge, Johnson’s unsatisfactory job performance constituted misconduct. Additionally, the administrative law judge ordered Johnson to repay the $1,512 that she had received for unemployment benefits.
 

 ¶ 6. Johnson appealed the administrative law judge’s decision, but the board of review affirmed the administrative law judge’s decision that Johnson was not entitled to benefits. Johnson next appealed to the Hinds County Circuit Court. The circuit court reversed the administrative law judge and found that Johnson’s conduct did not rise to the level of misconduct. Consequently, the circuit court reinstated
 
 *1173
 
 Johnson’s unemployment benefits. Clinton and MDES appeal.
 

 ANALYSIS
 

 ¶ 7. Appellate courts conduct a limited review of the decisions of the MDES.
 
 Hodge v. Miss. Employment See. Comm’n,
 
 757 So.2d 268, 270(¶5) (Miss. 2000). “When reviewing a decision of the [MDES], this Court must affirm when the decision is supported by substantial evidence.”
 
 Reeves v. Miss. Employment See. Comm’n,
 
 806 So.2d 1178, 1179(¶ 5) (Miss.Ct.App.2002). We will only disturb the MDES’s decision if it “1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.”
 
 Allen v. Miss. Employment Sec. Comm’n,
 
 639 So.2d 904, 906 (Miss.1994). We “must not reweigh the facts of the case or insert [our] judgment for that of the agency.”
 
 Id.
 
 Pursuant to Mississippi Code Annotated section 71-5-531 (Rev.2000), “[i]n all judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
 

 ¶ 8. “An individual shall be disqualified for benefits ... [if] he was discharged for misconduct connected with his work[.]” Miss.Code Ann. § 71-5-513(A)(1)(b) (Rev.2000). “[T]he burden of proof of misconduct shall be on the employer.” Miss.Code Ann. § 71-5-513(A)(1)(c) (Rev.2000). Additionally, the employer is required to prove misconduct by “substantial, clear and convincing, evidence.”
 
 Ferrill v. Miss. Employment Sec. Comm’n,
 
 642 So.2d 933, 936 (Miss.1994). “Misconduct” is defined as follows:
 

 conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
 

 Wheeler v. Amóla,
 
 408 So.2d 1381, 1383 (Miss.1982).
 

 ¶9. This Court concurs with the circuit court’s conclusion that Clinton did not present enough evidence to meet its burden of proof of substantial, clear and convincing evidence that Johnson committed misconduct within the meaning of
 
 Wheeler.
 
 Clearly, Johnson’s performance did not meet the expectations of her supervisor. Clearly, Johnson lacked the necessary computer training to perform the tasks expected of her. Johnson testified that she attempted to take a computer class, at her own expense, at the local community college. Johnson also testified that she could not meet the class schedule because of her schedule at work and her employer’s unwillingness to allow her to leave her job thirty minutes early so she could timely attend the class.
 

 ¶ 10. Additionally, Johnson testified that she requested help with the mailing project from Gisele Champlin, the administrative assistant to the director of Clinton’s department of parks and recreation. The evidence indicated that: Champlin either
 
 *1174
 
 failed to finish instructing Johnson, Champlin experienced computer problems, or Champlin was also unable to figure out how to complete the mail project. Johnson entered the 550 addresses into the computer and had printed 550 letters, but another supervisor found the letters unacceptable. While there is no dispute that Johnson did not complete the project, her unsuccessful efforts cannot correctly be classified as misconduct.
 

 ¶ 11. Johnson’s failure to complete these work projects were the result of simple inability, inefficiency, lack of training, and/or inexperience. “The employer has the burden of showing by ‘substantial, clear and convincing evidence’ that the former employee’s” actions warrant a finding of misconduct disqualifying him or her from benefits.
 
 City of Clarksdale v. Miss. Employment Sec. Comm’n,
 
 699 So.2d 578, 580(¶ 15) (Miss.1997). As mentioned, “[mjere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadver-tences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered misconduct.”
 
 Wheeler,
 
 408 So.2d at 1383 (internal quotations omitted). We
 
 agree
 
 with the circuit court that Clinton failed to meet its burden of establishing substantial, clear and convincing proof that Johnson was discharged for misconduct within the context of Mississippi statutory law.
 

 ¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Johnson had been counseled on October 4, 2005, July 31, 2006, and August 16, 2006.