MAXWELL, J.,
for the Court:
¶ 1. Milton Pilate appeals the Hinds County Circuit Court’s judgment, which affirmed the Mississippi Department of Employment Security (MDES) Board of Review’s denial of his request for unemployment benefits. Because substantial evidence supports the MDES Board of Review’s decision that Pilate deliberately violated company policy and was, therefore, disqualified from receiving unemployment benefits, we affirm.
FACTS
¶ 2. Pilate had been employed by TA Operating (TA) as a mechanic for approximately fifteen months before he was discharged. TA had already placed Pilate on ninety days’ probation for violating TA’s safety policies because Pilate had allowed a TA customer to use a blow torch to work on his personal vehicle in the company shop.
¶ 3. Pilate had been warned that any other infraction within the ninety-day probationary period, no matter how minor, would result in his immediate discharge. Pilate acknowledged he knew he could be terminated during this probationary period, testifying “that’s the very reason I was very careful to walk on eggshells for ninety days to make sure I didn’t do anything wrong, and didn’t violate any of their rules, because I wanted to keep my job.” But, according to TA, Pilate was not careful and again violated TA’s safety policy during his probationary period — this time by driving a company truck in an unsafe manner.
¶ 4. The specific violation resulted from an alleged intentional act where Pilate drove a company service truck onto the curb and grass beside a parking lot to attempt to circumvent the company’s machine-operated gate system. Pilate could have used his access card to lift the gate or used the gate’s call button. Instead, according to TA’s general manager, Todd Avery, Pilate posed a danger to himself and the company vehicle by not following the road, almost hitting a pole while trying to go over the curb. One of TA’s field managers witnessed the incident and reported it to Avery. Pilate testified he accidentally scraped the curb but did not jump it.
¶ 5. The administrative law judge (ALJ) found Pilate had been discharged for operating a company vehicle in an unsafe manner. Thus, Pilate was disqualified from receiving unemployment benefits. After reviewing the record, the MDES Board of Review affirmed the ALJ’s decision, adopting the ALJ’s findings of fact. The circuit court affirmed the MDES Board of Review’s decision. And Pilate timely appealed from the circuit court.
STANDARD OF REVIEW
¶ 6. “[Jjudicial review of a Board of Review’s ruling is limited.” Booth v. Miss. Employment Sec. Comm’n, 588 So.2d 422, 424 (Miss.1991). “[T]he findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss. Code Ann. § 71-5-531 (Rev. 2011). Thus, we give great deference to an administrative agency’s findings and decisions. Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). And we must affirm if the decision is supported by substantial evidence. Reeves v. Miss. Employment Sec. Comm’n, 806 So.2d 1178, 1179 (¶ 5) (Miss.Ct.App.2002).
*833 ¶ 7. Our limited inquiry requires that we “not reweigh the facts of the case or insert [our] judgment for that of the agency.” Allen, 639 So.2d at 906. We will reverse an agency’s decision only when it (1) is not supported by substantial evidence; (2) is arbitrary or capricious; (3) is beyond the scope or power granted to the agency; or (4) violates a person’s constitutional rights. Id.
DISCUSSION
¶8. Where an employee has been previously disciplined according to the employer’s policy and given a final warning, a subsequent violation constitutes misconduct. Miss. Employment Sec. Comm’n v. Barnes, 853 So.2d 153, 157 (¶ 17) (Miss.Ct.App.2003). Here, Pilate was so warned.
¶ 9. Mississippi statutory law provides that “an individual shall be disqualified for [unemployment] benefits ... for misconduct connected with his work if so found by the department.” Miss.Code Ann. § 71 — 5—513(A)(1)(b) (Rev. 2011). In Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), the Mississippi Supreme Court addressed the meaning of the term “misconduct,” as it applies to our unemployment-compensation statute. Misconduct is “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Id. (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941)). Misconduct includes “carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent[,] or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer[.]” Id. But “[m]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered ‘misconduct’ within the meaning of the statute.” Id.
¶ 10. The MDES neither found nor does the record support mere inefficiency or isolated negligence on Pilate’s part. Rather, MDES found, because Pilate was aware a second safety violation while on probation was grounds for immediate termination, Pilate’s “actions in having another safety violation while on probation for a prior violation shows a willful and wanton disregard of the employer[’]s interest and constitute misconduct connected with work.”
¶ 11. Pilate disputes TA’s claim that he was discharged for “misconduct.” He argues the actual reason for his termination was due to staff cuts or a reduction in work force. Pilate relies on an employment verification form that listed staff reduction as the reason his employment ended. Pilate testified Avery told him TA could not afford to pay him. Avery testified he never told Pilate TA was discharging him as part of a staff reduction. While TA did cut some hourly workers at the time of Pilate’s discharge, these cuts did not apply to commissioned employees, like Pilate. Avery further testified the TA staff member filling out the employment-verification form should have looked at the personnel-action form, which clearly states Pilate was terminated for unsafe driving, and that the staff member did not have the authority to deviate from this reason on the employment verification form.
¶ 12. Presented with Avery’s testimony and the personnel-action form as well as Pilate’s ulterior-motive theory and employment verification form, MDES found Avery’s testimony to be credible and that Pilate was discharged for misconduct. It is not for this court to re-weigh this evi *834 dence on appeal or inject our own judgment for the agency’s. Allen, 639 So.2d at 906.
¶ 13. We find MDES’s decision and reasoning is supported by substantial evidence and was neither “arbitrary” nor depended on its will alone. Wright v. Pub. Employees Ret. Sys., 24 So.3d 382, 388 (¶ 29) (Miss.Ct.App.2009) (citing Pub. Employees Ret. Sys. v. Marquez, 774 So.2d 421, 429 (¶ 34) (Miss.2000)). Thus, we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RUSSELL, J.