IRVING, P.J.,
for the Court:
¶ 1. This appeal arises from a decision of the Harrison County Circuit Court, affirming the finding of the Board of Review (the Board) of the Mississippi Department of Employment Security (MDES) that Shaina Buller, a former employee of the Gulf Coast Community Action Agency (GCCAA), committed disqualifying misconduct pursuant to Mississippi Code Annotated section 71-5-513 (Supp.2012), and is therefore not entitled to unemployment compensation benefits. Feeling aggrieved, Buller appeals and argues that the circuit court erred in affirming the Board’s ruling.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Buller worked as an assistant teacher and a lead teacher for GCCAA for thirteen years. GCCAA has various Head Start centers along the Mississippi Gulf Coast and assigns and reassigns its teachers to different centers according to the centers’ needs. Before Buller began working for GCCAA, the company informed her that teachers were not given permanent positions in any of the centers and that she could be reassigned to another center at any time. Buller accepted these conditions.
¶ 4. On September 20, 2010, GCCAA informed Buller that she had been reassigned to one of GCCAA’s other centers due to a shortage of teachers at that center. GCCAA informed Buller that she was expected to report to the new center the following day. Buller did not report to the new center. Instead, she filed a grievance with the company, alleging that she had inadequate transportation to get to the new center and requesting that she remain at her current location.
¶ 5. While waiting for GCCAA’s decision regarding her hardship request, Buller refused to report to the new center. As a result, GCCAA suspended Buller and later terminated her employment. Buller applied for unemployment benefits. MDES denied Buller’s request for unemployment benefits, finding that Buller’s refusal to report to the new center amounted to disqualifying misconduct. Buller appealed. An administrative law judge (ALJ) held a telephonic hearing at which Buller; Deby Gill, GCCAA’s CAIO specialist; Gloria Taylor, a division manager for GCCAA; and Lena Depiver, GCCAA’s human resources manager, testified. The only evidence offered during the hearing was live witness testimony.
¶ 6. Gill testified that Buller voluntarily left her employment with GCCAA because she did not show up for work at her newly assigned center on September 21, 2010, nor did she attempt to show up for work on any day thereafter. Gill stated that she notified Buller’s center manager that Bul-ler had been reassigned to another center due to a teacher shortage at the other center. According to Gill, teachers are made aware that they may be required to work in another center in the area if needed. Gill spoke with Buller on September 22, 2010, to confirm to Buller that GCCAA had reassigned her to another center and *1278 that GCCAA expected her to report to the new center. Gill noted that Buller never informed her that she was not going to go to the new location. Taylor affirmed that Gill had reassigned Buller to another center and that Buller never reported to work after the reassignment.
¶ 7. Depiver reaffirmed that GCCAA informs its teachers that there are no permanent positions and that they may be reassigned when needed. Depiver stated that she spoke with Buller about the situation. Buller told her that she did not have adequate transportation or the money to drive back and forth to the new center. Depiver testified that she mapped a different route to the new center for Buller in an attempt to find a shorter driving distance. Additionally, Depiver told Buller that her job would be in jeopardy if she did not report to the new location. Depi-ver also testified that when an employee refuses an assignment, the employee is expected to arrange a counseling session with the employee’s supervisor to discuss the reasons for refusal. If the employee continues to refuse the assignment, the employee meets with the Head Start director.
¶ 8. Buller testified that she did not report to the new center because she does not have dependable transportation. She admitted that she was aware that she could be moved to one of GCCAA’s other centers. Buller knew that there were no guaranteed permanent positions at any of GCCAA’s centers. She began submitting hardship letters to her supervisor two years prior to her termination. Since submitting her first hardship letter, she had been reassigned to two other facilities. Buller noted that she did not tell her center manager that she would not accept the new assignment. She stated that she only wanted to talk to the center director first. Buller also admitted that she had agreed to work where she was needed when GCCAA hired her as a teacher, that she never drove the alternate route that Depi-ver had suggested, and that she knew that her job was in jeopardy because she was not reporting to work. Buller claimed that she never received a letter informing her of her final employment status.
¶ 9. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. An appellate court’s review of a decision of the MDES is limited. Booth v. Miss. Emp’t Sec. Comm’n, 588 So.2d 422, 424 (Miss.1991). The Mississippi Supreme Court has stated that an appellate court “has no authority to reverse the ... the decision of the Board of Review” if the decision is supported by substantial evidence. Alexander v. Miss. Dep’t of Emp’t Sec., 998 So.2d 419, 424 (¶ 15) (Miss.2008) (citations omitted). However, we will overturn an agency’s decision if it is arbitrary or capricious. Allen v. Miss. Emp’t Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). If the Board’s findings of fact are supported by substantial evidence, those findings “shall be conclusive, and the jurisdiction of the [appellate] courtfs] shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev. 2011).
¶ 11. Buller argues that the ALJ’s decision was not based on substantial evidence and was arbitrary, capricious, and erroneous as a matter of law because the ALJ applied the wrong definition of misconduct. According to Buller, the ALJ should have applied the definition of misconduct found in section 308 of MDES’s Unemployment Insurance Regulations instead of the definition promulgated by our supreme court in Wheeler v. Arriola, 408 *1279 So.2d 1381, 1383 (Miss.1982). We disagree.
¶ 12. An employee that is discharged for misconduct is not entitled to unemployment benefits. Miss.Code Ann. § 71-5-513(A)(1)(b) (Supp.2012). Our supreme court has defined misconduct as:
conduct evincing such 'willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, [come] within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inad-vertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
Wheeler, 408 So.2d at 1383. After Wheeler, MDES adopted the Wheeler definition of misconduct and produced the following definition of misconduct in section 308 of its Unemployment Insurance Regulations:
A. For purposes of ... [s]ection 71-5-513, misconduct shall be defined as including but not limited to:
1.The failure to obey orders, rules or instructions, or failure to discharge the duties for which an individual was employed;
a. An individual found guilty of employee misconduct for the violation of an employer rule only under the following conditions:
i.the employee knew or should have known of the rule;
ii. the rule was lawful and reasonably related to the job environment and performance; and
iii. the rule is fairly and consistently enforced.
2. A substantial disregard of the employer’s interests or of the employee’s duties and obligations to the employer;
3. Conduct which shows intentional disregard — or if not intentional disregard, utter indifference — of an employer’s interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of the employee; or
4. Carelessness or negligence of such degree or recurrence as to demonstrate wrongful intent.
However, mere inefficiency, unsatisfactory conduct, failure to perform as the result of inability or incapacity, a good faith error in judgment or discretion, or conduct mandated by a religious belief or the law is not misconduct. Conduct mandated by the law does not include court ordered conduct resulting from claimant’s illegal activity; this may be considered misconduct.
¶ 13. The ALJ did not reference section 308 in the order denying benefits to Buller. This failure, however, does not amount to an error requiring a reversal of the Board’s decision. The ALJ determined that “[Buller’s] disregard of the employer’s interest and standard of behavior [tha]t an employer has a right to expect constitute^] misconduct....” Both Wheeler and section 308 include in their definitions of misconduct conduct that demonstrates an intentional disregard of an employer’s interests as is found in deliberate violations *1280 of standards of behavior that the employer has a right to expect from the employee.
¶ 14. There is substantial evidence to support the finding that Buller intentionally disregarded GCGAA’s interest and the standard or behavior that it had a right to expect from her as a teacher. When she accepted a teaching position with GCCAA, Buller was aware that she could be moved to a different facility. She testified that she knew that there were no permanent positions at the centers. In fact, before this reassignment, GCCAA had reassigned her to at least two other facilities. She admitted that she knew that her failure to report to the new center would jeopardize her employment with GCCAA, and she admitted that she never attempted to report to the new location. Buller’s own testimony demonstrated that she constantly and intentionally disobeyed a directive from her supervisors and that she failed to perform her assigned duties.
¶ 15. Based on the above, we find that there is substantial evidence that Buller’s conduct of continuously and intentionally disobeying a directive from her supervisors amounted to misconduct. Therefore, she is not entitled to receive unemployment benefits. Accordingly, the circuit court did not err in affirming the Board’s denial of unemployment benefits. This issue is without merit.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.