# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CC-00542-COA

**HERMAN C. KIDD**                                                                 **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                          **APPELLEE**
**EMPLOYMENT SECURITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/24/2015 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HERMAN C. KIDD (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ALBERT B. WHITE |
| | ANNA CRAIN CLEMMER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED JUDGMENT OF BOARD OF REVIEW |
| DISPOSITION: | AFFIRMED - 06/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Herman Kidd appeals from the judgment of the Pontotoc County Circuit Court affirming the decision of the Board of Review of the Mississippi Department of Employment Security (MDES) denying his claim for unemployment benefits. The Board's finding that Kidd committed misconduct that disqualified him from benefits is supported by substantial evidence and is not arbitrary or capricious or contrary to law. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Kidd had been employed by Marten Transport (Marten) as a truck driver for

approximately one year when he was terminated on April 2, 2014. Kidd worked out of New Albany as a designated driver for Walmart. Kidd was terminated because he made racially inflammatory comments while making a delivery to the Walmart in Cleveland. Kidd, who is white, admitted that he complained that when he made deliveries to the Walmart in Greenville, the employees assigned to help him unload were always black. Kidd "felt offended by this" because he "was the only white person down there," and he "felt like [he had] been discriminated against" by Walmart. Kidd also complained that Greenville was a "blacky town." Kidd sees nothing wrong with his comments. He thinks he had a legitimate grievance against Walmart. Walmart saw it differently. Walmart complained to Marten about Kidd's behavior and informed Marten that it did not want Kidd to make any future deliveries to its stores.

¶3. Marten stated that it offered Kidd alternative work as a regional driver out of its Memphis terminal, which would have required significant overnight travel. Kidd's job as a local designated driver for Walmart did not require such overnight travel. Marten says that Kidd refused this offer, while Kidd denies that the offer was ever made. Kidd and Marten agree that his last day of work was April 2, 2014.

¶4. On April 10, 2014, Kidd filed an application for unemployment benefits. A claims examiner from MDES found that Kidd voluntarily quit and denied benefits on that ground. Kidd appealed, and an administrative law judge (ALJ) reversed the decision of the claims examiner, finding that Kidd did not voluntarily quit and that his comments did not constitute "misconduct." Marten then appealed, and the Board of Review reversed the ALJ's decision,

finding that Marten had met its burden of proving misconduct. Kidd appealed the Board's decision to the circuit court. The circuit court affirmed, finding that the Board's decision was supported by substantial evidence and was not arbitrary or contrary to law.

**DISCUSSION**

¶5.     "[T]he findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." Miss. Code Ann. § 71-5-531 (Rev. 2011). Judicial review of the Board's decisions is "confined to questions of law." *Id.* The Board's decision must be affirmed unless it "(1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates . . . constitutional rights." *Jackson Cty. Bd. Sup'rs v. Miss. Emp't Sec. Comm'n*, 129 So. 3d 178, 183 (¶14) (Miss. 2013) (quoting *Sprouse v. Miss. Emp't Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994)).

¶6.     A person is disqualified from receiving unemployment benefits if "he was discharged for misconduct connected with his work, if so found by [MDES]." Miss. Code Ann. § 71-5-513(A)(1)(b) (Rev. 2011). The Supreme Court has defined "misconduct" as

> conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, [come] within the term.

*Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982) (brackets omitted). However, "[m]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of

3

inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered 'misconduct' within the meaning of the statute." *Id.* (brackets omitted); *accord* Miss. Admin. Code § 20-1-101:308.00. "The employer bears the burden of proving misconduct by substantial, clear, and convincing evidence." *Jackson Cty. Bd. Sup'rs*, 129 So. 3d at 183 (¶12).

¶7. In this case, the Board of Review applied the correct definition of misconduct, and its finding that Kidd had committed misconduct is supported by substantial evidence and is not arbitrary or capricious or contrary to law. Indeed, it is evident that Kidd's racially charged comments amounted to an intentional "disregard of standards of behavior which [his] employer has the right to expect from [him]." *Wheeler*, 408 So. 2d at 1383. Such conduct evidences a complete "disregard of [his] employer's interest." *Id.* Accordingly, we affirm.

¶8. **THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR.**