DIAZ, J.,
for the Court:
¶ 1. Carolyn Shavers was terminated by her employer, Southern Printing, on January 9, 1998 and subsequently filed a claim for unemployment benefits. The claims examiner determined that Shavers was entitled to receive benefits. The employer appealed and a hearing was held before the Mississippi Employment Security Commission appeals referee. The referee reversed the claims examiner’s finding and ruled that Shavers was guilty of misconduct and therefore not entitled to unemployment benefits. That decision was affirmed by the Board of Review of the Mississippi Employment Security Commission and by the Hinds County Circuit Court. Shavers appeals to this Court, alleging that the Board erred in finding that she was guilty of misconduct. We find that the Board’s decision was supported by substantial evidence and affirm.
FACTS
¶ 2. Carolyn Shavers was employed by Southern Printing as a silk screener from July 22, 1996 until January 9, 1997. Her duties included placing images on t-shirts and caps by using a rubber “squeegee” to pull ink across a silk screen. Shavers was responsible for cleaning the equipment after each use. Her supervisor, Debra Branning, testified that failure to properly remove the ink from the squeegee and the silk screen results in streaking. Additionally, the rubber squeegee can no longer be used if ink is allowed to dry on it because the squeegee hardens and is no longer pliable. Shavers had no prior experience as a silk screener but according to Bran-ning, received adequate on-the-job training.
¶ 3. Branning testified that Shavers was discharged due to her failure to properly clean the equipment after repeated reprimands. Ink was left on both the silk screens and on the squeegees no less than five times, necessitating the purchase of new ones. Records revealed that Shavers was reprimanded on October 18, December 9, December 16, December 23, and January 6 for failure to properly clean the equipment.
¶ 4. Shavers also ruined an order of t-shirts by failing to use “temp strips” to monitor the temperature of the ink. According to Branning, “temp strips are the only way you can get the temperature of the ink going through the machine.” On another occasion, Shavers’s failure to use the temp strips resulted in the scorching of an order of caps. Branning testified that she had the order completed by a competitor which resulted in a two hundred dollar loss to the company.
¶ 5. Shavers was discharged on January 9, 1999 and subsequently filed a claim for unemployment benefits. The claims examiner determined that she was entitled to benefits. The employer appealed to the Mississippi Employment Security Commission appeals referee who, after a hearing, reversed the decision of the claims examiner, determining that Shavers was guilty of misconduct. Shavers appealed to the Board of Review of the Mississippi Employment Security Commission which affirmed the finding of the referee. That decision was affirmed by Hinds County Circuit Court.
DISCUSSION
¶ 6. Shavers purports to raise two issues on.appeal. However, because both issues involve the single question of whether there is substantial evidence in the record to support the decision of the Board of Review, we will confine our discussion to that issue.
¶ 7. Mississippi Code Annotated § 71-5-531 (Supp.1999) governs the standard of review for appealing a Mississippi Employment Security Commission Board of Re *185 view decision to the circuit court and to the Mississippi Supreme Court. It provides that “[i]n any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Supp. 1999). “The Board’s findings of fact are conclusive if supported by substantial evidence and without fraud.” Huckabee v. Mississippi Employment Sec. Comm’n, 735 So.2d 390, 393 (Miss.1999).
¶ 8. An individual may be disqualified for unemployment benefits if he was discharged “for misconduct connected with his work.” Miss.Code Ann. § 71-5-513(A)(1)(b) (Supp.1999). The employer has the burden of showing by “substantial, clear, and convincing evidence” that the former employee’s conduct warrants disqualification from eligibility for benefits. City of Clarksdale v. Mississippi Employment Sec. Comm’n, 699 So.2d 578, 580 (Miss.1997). “Misconduct” has been defined as:
conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer [h]as the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, [come] within this term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inad-vertences and ordinary negligence in isolated instances, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
City of Clarksdale v. Mississippi Employment Sec. Comm’n, 699 So.2d 578, 581 (Miss.1997) (quoting Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982)). Misconduct imports conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer’s legitimate interests. Something more than mere negligence must be shown, although repeated neglect of an employer’s interests may rise to the dignity of misconduct. Mississippi Employment Sec. Comm’n v. Borden, 451 So.2d 222, 225 (Miss.1984).
¶ 9. Shavers contends that the Board erred in finding that she was guilty of misconduct. She claims that because silk screening is such a delicate process, her inability to successfully carry out the duties of her employment does not constitute misconduct. In Shavers’s view, she “simply did not work out as a silk screen-er” and though her actions may have been negligent, they did not “show an intentional or substantial disregard of her employer’s interest.” We disagree.
¶ 10. Shavers relies upon two cases for the proposition that mere ineptitude does not constitute employee misconduct. In one case, the employee, a car washer for United Parcel Service, backed delivery trucks into stationary objects five times during a six month period. Foster v. Mississippi Employment Sec. Comm’n, 632 So.2d 926, 927 (Miss.1994). The supreme court held that these acts did not amount to misconduct as contemplated by the statute, noting that there was no evidence tending to prove that the employee intentionally or deliberately caused the mishaps. Id.
¶ 11. In another case, the employee was terminated for continually grinding parts undersize. Allen v. Mississippi Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). The supreme court found that “failure in good performance as the result of inability or incapacity, or inadver-tences and ordinary negligence in isolated incidents ... [are] not considered ‘misconduct’ within the meaning of the statute.” *186 Id. at 908 (quoting Arriola, 408 So.2d at 1383).
¶ 12. In the instant case, Shavers’s poor performance was not due to her inability or incapacity to perform her duties as a silk screener. Her failure to clean the equipment involved in the silk screening process bears no relation to her skills as a silk screener. It takes no special skill to follow instructions and clean equipment following each use. Though Shavers testified that she was unable to remove the ink from the equipment, her employer maintained that this was because Shavers allowed the ink to dry before attempting to remove it. Moreover, these were not isolated incidents of negligence. The record reveals that Shavers was reprimanded at least five times for failing to properly clean the silk screens and the squeegees. Although each incident taken separately may not be enough to support a finding of misconduct, all of these actions considered together evidence “repeated neglect of her employer’s interests” and thereby constitute misconduct on the part of Shavers. Accordingly, we affirm the findings of the circuit court and the Board of Review.
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.