832 So.2d 548 (2002)
KEMPER COUNTY SCHOOL DISTRICT, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2001-CC-00303-COA.
Court of Appeals of Mississippi.
May 14, 2002.
Rehearing Denied August 6, 2002.
Certiorari Denied December 5, 2002.
Bennie L. Jones, Jr., West Point, attorney for appellant.
Albert B. White, Madison, John Wesley Garrett, Jr., Clinton, attorneys for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. This appeal arises from a judgment of the Kemper County Circuit Court affirming the Board of Review of the Mississippi Employment Security Commission (the Commission) which granted unemployment benefits to Donald Griffin, a former employee of Kemper County School District (District). Only one issue is posited for appellate review: whether the trial court erred in affirming the Commission's grant of unemployment benefits to Griffin.
*549 ¶ 2. We find no error, therefore, we affirm the judgment of the trial court.

FACTS
¶ 3. Griffin was employed for eleven and one half years as the food manager with the Kemper County School District in Dekalb, Mississippi. He was terminated on March 27, 2000, for failure to follow work policies and procedures and because of a lack of accountability for the property under his supervision. Prior to his termination, audits by the Mississippi Department of Education for fiscal years 1996-97 and 1997-98 revealed deficiencies in inventory controls, expenditure, purchasing practices, proper documentation of production records and internal controls.
¶ 4. In a memo to the District's board dated June 18, 1999, Ms. Rosie Clifton, then superintendent of the District, had recommended to the District that Griffin be re-employed on a probationary status with a ninety-day plan of improvement. The plan of improvement indicated a need for improvement in (1) treating all employees with respect, (2) monitoring all areas of food purchasing to ensure adequate profit is generated, (3) abiding by all board policies and procedures for purchasing, (4) signing all requisitions with his original signature, (5) monitoring cash variances and investigating any shortages or overages, (6) proofing all figures to ensure there would be no over-claims on future reports, (7) maintaining and submitting on a monthly basis a current inventory, and (8) ensuring the accuracy of indirect cost calculations and submitting them in a timely fashion. Additionally, Griffin was directed to cease claiming in-district travel not authorized by the board. Finally, Griffin was to be reconsidered for employment and a pay increase in October 1999.
¶ 5. As previously stated, Griffin was fired on March 27, 2000. He filed a claim for unemployment benefits and the claims examiner determined that he was not qualified for benefits due to misconduct. Griffin appealed. On appeal, the appeals referee determined that Griffin was discharged for unsatisfactory job performance in that Griffin failed to take reasonable actions to follow policies and standards of the school district, the Mississippi Department of Education, and the Office of Child Nutrition. The referee also determined that Griffin's failure to do so constituted misconduct and affirmed the decision of the claims examiner. Griffin appealed to the Board of Review which reversed the decision of the appeals referee. The Board of Review concluded that the evidence was insufficient to support a finding that Griffin's lack of performance showed a willful wanton disregard for his employer's interest, or a deliberate disregard of the standard of behavior that his employer had the right to expect from him. Moreover, the Board of Review found that the evidence did not show a carelessness and negligence by Griffin sufficient to manifest culpability, wrongful intent, or evil design or to show intentional and wanton disregard of the school district's interest. Finally, the Board of Review found that the evidence did not show that Griffin's unsatisfactory performance rose to the level of misconduct as it is used within the law to warrant a disqualification of eligibility for unemployment benefits.
¶ 6. The District appealed to the Circuit Court of Kemper County, and that court entered an order finding that there was sufficient evidence to support the decision of the Board of Review. It is from this order that this appeal emanates.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. The District has listed a plethora of tasks which, according to the District, *550 Griffin failed to accomplish. However, there is no need for us to list them. We accept the District's contention that Griffin indeed failed to accomplish the various tasks. So far as we can tell, the Commission did not dispute that Griffin performed poorly, but, concluded, as stated, that Griffin's lack of performance and failures did not amount to misconduct such as would disqualify him from receiving unemployment benefits.
¶ 8. The standard of review of decisions made by an administrative agency is well-defined under Mississippi law. "An agency's conclusions must remain undisturbed unless the agency's order is not supported by substantial evidence, is arbitrary or capricious, is beyond the scope or power granted to the agency, or violates one's constitutional rights." Allen v. Mississippi Employment Sec. Comm'n, 639 So.2d 904, 906 (Miss.1994) (citing Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)).
¶ 9. In Wheeler v. Arriola, 408 So.2d 1381 (Miss.1982), the Mississippi Supreme Court defined "misconduct" as "conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee." Id. at 1383. "Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered `misconduct' within the meaning of the statute." Id.
¶ 10. The District received audits as early as 1995 that revealed deficiencies in Griffin's work performance. The District was aware that there were problems within inventory controls, expenditure, purchasing practices, proper documentation of production records and internal controls. However, Griffin was not terminated at that time. Additionally, the record indicates that, prior to being placed on probation, Griffin had been reprimanded for failure to have the cashier make daily deposits. Nevertheless, Clifton still recommended him as food service director for the following school term. While it is true that the recommendation was for re-employment in a probationary status, coupled with a ninety-day plan of improvement, there is no evidence in the record indicating that anyone, including Clifton, followed up with Griffin to determine his progress.
¶ 11. In a correspondence dated February 29, 2000, from Griffin to the District's attorney, Griffin discussed his probationary status, requested that it be lifted, and further requested that he receive his pay increase. Griffin also discussed improvements that he had made in the nine areas designated in the plan of improvement. The record does not reveal any response by the District's attorney to Griffin's inquiry. Apparently, Griffin's termination, a little over a month later, was the District's response.
¶ 12. We certainly understand and agree that the District had ample reason to terminate Griffin. However, a termination for cause does not necessarily mandate that unemployment benefits be denied. As we have already pointed out, the conduct, giving rise to the termination, must be willful and in wanton disregard of the employer's interest or in deliberate violation or disregard of standards of behavior which the employer has the right to expect from his employee. We cannot say that the record is devoid of evidence supporting the Commission's determination that Griffin's poor performance does not rise to the requisite level such as would *551 justify a disqualification of unemployment benefits.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.