825 So.2d 707 (2002)
James BLAKE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KM-00982-COA.
Court of Appeals of Mississippi.
September 3, 2002.
Jamie Kelly McBride, Brent M. Brumley, Jackson, Attorneys for Appellant.
Office of the Attorney General By: Billy L. Gore, Attorney for Appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
McMILLIN, C.J., for the court.
¶ 1. James Blake has appealed his conviction of driving under the influence of intoxicating liquor, first offense, handed down in a bench trial conducted in the Circuit Court of Claiborne County. Blake raises three issues on appeal, none of which this Court finds to have merit. We, therefore, affirm Blake's conviction and resulting sentence.

*708 I.

Facts
¶ 2. Blake was pulled over while driving his pickup truck at approximately 11:00 p.m., February 20, 1999, by Officer Steven Elam. Elam testified to having seen Blake's truck enter the roadway in an erratic manner and to having followed for a distance and observing the truck swerving from the center line to the fog line of the road. Upon initiating a stop of the vehicle by the use of the blue lights of his patrol car, Elam approached Blake's vehicle and noted the strong odor of alcohol emanating from the truck. In order to ensure that the odor was not from some liquid spilled in the truck, Elam asked Blake to step outside the vehicle. Blake appeared to have some trouble walking and, in fact, stumbled on one occasion. Elam verified that the odor of alcohol was coming from Blake's person rather than from the truck itself. He also administered several field sobriety tests used by law enforcement officers to determine if there is probable cause to investigate possible alcohol impairment further and Blake failed all the tests. Blake also admitted to having consumed beer during the course of the evening.
¶ 3. At that point, Elam required Blake to travel in the patrol car with him to the Sheriffs Office in order to administer an intoxilyzer test. Upon arrival, Blake refused to submit to the test and was charged with driving under the influence.
¶ 4. After being convicted in justice court, Blake perfected an appeal to circuit court and agreed to a bench trial. He was convicted.
¶ 5. In this appeal, Blake purports to raise three issues; however, all three issues deal with evidence admitted at trial concerning the arresting officer's administration of the Horizontal Gaze Nystagmus Test and, in our view, may be resolved in a discussion that combines all elements of Blake's dissatisfaction with the means of his conviction.

II.

Discussion
¶ 6. Blake's appeal contends that his conviction was based, at least in part, upon the testimony of Officer Elam that, shortly after pulling Blake over, he administered the Horizontal Gaze Nystagmus Test, a recognized field sobriety test, to gain further insight on whether Blake was, in fact, impaired in his ability to operate a motor vehicle by the ingestion of alcohol.
¶ 7. It would not be particularly helpful to the issues before the Court to delve in detail into the manner of administering this test nor the body of scientific knowledge that is relied upon to support the proposition that test results are, in fact, an indication of alcohol-impaired physical functioning. It is enough to observe that, in this State, the test results of an HGN test have been declared inadmissible for purposes of proving that a person was under the influence of alcohol. Young v. City of Brookhaven, 693 So.2d 1355, 1361 (Miss.1997). The underlying rationale for the supreme court's decision in Young was that the court found that the test was "not generally accepted within the scientific community." Id. at 1360.
¶ 8. The problem in this case is that there was no contemporaneous objection to the introduction of testimony by the officer concerning the HGN test. The officer was, in fact, extensively cross-examined concerning his familiarity with the testing procedure and what defense counsel apparently perceived to be defects in the manner in which the test was administered. A trial court can only be put in error as to matters which were properly *709 presented to the court for a ruling. Acker v. State, 797 So.2d 966, 971(¶ 19) (Miss. 2001). Allegedly inadmissible evidence must be challenged contemporaneously by timely objection, and its admission without objection will normally not constitute reversible error. Crosswhite v. State, 732 So.2d 856, 861(¶ 14) (Miss.1998). Though Young discusses the potential for such evidence to confuse the jury, we note that this case was tried as a bench trial and that the primary thrust of testimony appeared to be to show the factual basis for the decision to require Blake to travel to the Sheriff's Office rather than as direct evidence of impairment. Young specifically permits the introduction of HGN test results on the issue of probable cause. Young, 693 So.2d at 1361. In the absence of a contemporaneous objection to the evidence, we do not think, in the context of a bench trial, that the evidence was capable of so misleading the trial court in making the requisite factual determination that we would be required to note it as plain error.
¶ 9. A related issue involves the matter of the sufficiency of the evidence of guilt. Young makes clear that the reason for the exclusion of HGN test results is that the test has been adjudicated to have no probative value on the issue of alcohol impairment. Thus, even though Blake may be barred from complaining of the admission of the proof, were it to appear that the verdict was necessarily based on this judicially-decreed non-probative evidence, there would be a serious issue regarding the sufficiency of the evidence of guilt. However, based upon our review of the evidence, we are satisfied that there was other properly admitted and probative evidence that would, if found credible by the finder of fact, support a conviction. This evidence included testimony that Blake was driving erratically and weaving, that he smelled strongly of alcohol, that he appeared to have trouble maintaining his balance upon exiting the truck, and that he admitted to having consumed more than one beer in the course of the evening. In reviewing the sufficiency of the evidence, we are required to view the evidence in the light most favorable to upholding the judgment of the trial court. Collier v. State, 711 So.2d 458, 461(¶ 11) (Miss.1998). Viewed in that light, we conclude that there was sufficient evidence to convict Blake of driving under the influence of intoxicants without relying on the arresting officer's testimony concerning the administration of the Horizontal Gaze Nystagmus Test.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY OF CONVICTION OF CARELESS DRIVING WITH A FINE OF $161 AND OF DRIVING UNDER THE INFLUENCE (FIRST OFFENSE) WITH A FINE OF $467 AND SUSPENSION OF FORTY-EIGHT HOURS IN JAIL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.