CARLTON, J.,
for the Court:
¶ 1. The Vicksburg Police Department (the Department) terminated Deneka Tin-ner on January 4, 2010. Tinner subsequently filed a claim for unemployment benefits. After the claims examiner determined that Tinner was eligible to receive benefits, the Department appealed the decision. On appeal, the Mississippi Department of Employment Security’s administrative law judge (ALJ) affirmed the claims examiner’s decision, determining that since the Department had terminated *738 Tinner based on her lack of law-enforcement certification and not for misconduct, Tinner was entitled to unemployment benefits. The Board of Review of the Mississippi Employment Security Commission (Board of Review), and later the Warren County Circuit Court, also affirmed this decision. The Department appeals to this Court, alleging that the Board of Review erred in finding that Tinner’s actions did not constitute misconduct, and also that the Board of Review erred in granting Tinner unemployment benefits. .Finding no error, we affirm.
FACTS
•¶2. Tinner worked as a desk , clerk for the City of Vicksburg (the City). In December 2008, Tinner applied for a position as a police officer with the Department. The Department selected Tinner for the position; and Tinner, along with other new officers, attended the ten-week Mississippi Law Enforcement Training Academy (the Academy). At the end of the ten-week course,- the Academy -notified Tinner and Chief Walter Armstrong of the Department that Tinner had failed to pass one requirement, the defensive-tactics course. Therefore, Tinner failed to graduate fi’om the Academy.
¶8. The Academy stated Tinner had availed hérself of several opportunities provided by the Academy to pass the course. During her time at the Academy, Tinner also, received several complaints filed against her by others, claiming that' Tinner lacked discipline and motivation. Chief Armstrong stated that he was advised by the Academy that if Tinner received a third complaint, then she .would be dismissed from the program.
¶ 4. Chief Armstrong explained that normally when a new officer fails to pass the Academy, the Department discharges the officer immediately due to lack of certification and the inability to function as a police officer. However, Chief Armstrong stated that since Tinner only lacked completing one course, he decided to give Tinner a second opportunity to pass the Academy. In so doing, Chief Armstrong retained Tin-ner as an employee during the interim, as opposed to discharging her for lack of certification and inability to function as a police officer. The Academy provided a letter to Chief Armstrong confirming that Tinner was eligible for another attempt to graduate from the Academy, and the letter explained that Tinner could not work as a police officer until she passed the defensive-tactics course. The letter also warned that Tinner would only receive two attempts to pass successfully any required course. While waiting to return to the Academy in November 2009, Chief Armstrong temporarily placed Tinner in a non-law-enfofeement-employment capacity. During her temporary placement, Tinner retained her salary as a police officer.
¶5. Then on January 4, 2010, approximately thirteen months after being hired by the Department, the Department finally terminated.Tinner after two unsuccessful attempts tó pass 'the Academy. Tinner filed for unemployment benefits. After an unemployment hearing held on May' 4, 2010, the ALJ found that Tinner’s failure to pass the Academy failed to constitute misconduct, and the ALJ then awarded Tinner unemployment benefits. The record reflects no appearance by Tinner at the hearing before the ALJ.
¶6. The City thereafter appealed the ALJ’s decision to the Board of Review on May 11, 2010. The Board of Review affirmed the ALJ’s decision. The City subsequently appealed to the Warren County Circuit Court, which affirmed the Board of Review’s decision. The City now appeals, asking this Court to find that Tinner’s failure to pass the Academy constituted *739 misconduct, and also requests this Court to find that the Board of Review erred in granting Tinner unemployment benefits.
STANDARD OP REVIEW
¶ 7. Mississippi Code Annotated section 71-15-581 (Rev. 2011) governs our standard of review for appealing a Mississippi Employment Security Commission Board of Review decision to the circuit court and to the Mississippi Supreme Court..’ Section 71-5-581 provides “[i]n any judicial proceedings under this section, the findings of the [Board of Review of the Mississippi Employment Security Commission] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” See also Huckabee v. Miss. Employment Sec. Comm’n, 735 So.2d 390, 393 (¶ 9) (Miss.1999) (“The Board of Review of the Mississippi Employment Security Commission’s findings of fact are conclusive if supported by substantial, evidence and without fraud.”).
DISCUSSION
¶ 8. Mississippi Code Annotated section 71-5-518(A)(1)(b) (Rev. 2011) provides that an individual may be disqualified for unemployment benefits if he was discharged “for misconduct connected with his work.” In misconduct cases, the employer bears the burden of showing by “substantial, clear, and convincing evidence” that the former employee’s conduct warrants disqualification from eligibility for benefits. Miss.Code Ann. § 71-5-515(A)(1)(c) (Rev. 2011); Shavers v. Miss. Employment Sec. Comm’n, 763 So.2d 183, 185 (¶8) (Miss.Ct.App.2000); see also City of Clarksdale v. Miss. Employment Sec. Comm’n, 699 So.2d 578, 580 (¶15) (Miss.1997). “Misconduct” has been defined as:
conduct evincing, such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right, to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as- to. manifest .culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s-interest or of the employee’s duties and obligations to his employer, [come] within this term. Mere inefficiency, .unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inad-vertences and ordinary negligence in isolated instances, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of [section 71-5-513].
City of Clarksdale, 699 So.2d at 581 (117) (citations omitted). In Shavers, 763 So.2d at 185 (¶ 8), this Court clarified that “[m]isconduct imports conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer’s legitimate interests. Something more than mere negligence must be shown, although repeated neglect of an employer’s interests may rise to the dignity of misconduct.” See also Miss. Employment Sec. Comm’n v. Borden, 451 So.2d 222, 225 (Miss.1984).
¶9. Mississippi Code . Annotated section 45-6-11(3) (Rev. 2011) requires the certification of all law-enforcement officers, and the Mississippi Board on Law Enforcement Officer Standards and Training Professional Certification Policy and Procedures requires law-enforcement officers to successfully complete the training at the Academy to obtain certification. The City argues that Tinner’s failure to pass the Academy constituted misconduct within the meaning of the law. The City cites to City of Clarksdale, 699 So.2d at 582 (¶22), *740 in support of its argument, wherein the Mississippi Supreme Court held that Theodore Hawkins failed to meet a condition precedent to employment which was within his personal control, and such failure constitutes misconduct. The supreme court held that “where an employee is barred from employment because he did not meet a statutory requirement as [a] result of'his own act, then the employee cannot'receive unemployment benefits.” Id, at 583 (¶ 25). The City argues that during the ninety days between her first time at the Academy and her last time, Tinner could have trained or sought assistance from others in order to pass the defensive-tactics course; thus, her failure to do so constitutes misconduct. '
¶ 10. In her decision granting benefits, the ALJ stated:
[Tinner] did not violate any employer policy or rule nor did the employer prove that [Tinner] was unable to pass the course in question due to misconduct. [Tinner] attempted to pass a course involving physical activity and was unable to do so. The Judge does not consider that misconduct connected with work. Therefore, the decision [to grant unemployment benefits] is affirmed.
The City argues that the evidence in the record is insufficient to show that Tinner exerted a good-faith effort tó do well at the Academy or on the test. However, Tinner argues the City failed to meet its burden of proving misconduct by Tinner. Tinner cites to the City’s failure to submit any evidence to" show that she failed to complete the defense-tactics course due to her lack of interest or refusal to participate in training. She asserts that her failure to pass the defensive-tactics course was the “failure in good performance as the result of inability[,]”-not misconduct. Id. at 581 (¶ 17). Tinner asserts that Chief Armstrong provided no testimony or evidence to show that Tinner’s failure to pass the test resulted from willful and wanton disregard. In his testimony before the ALJ, Chief Armstrong explained that the training officers from the Academy told him that “[Tinner] did well during the training, but when it come [sic] time to demonstrate it she did not function, well at all even during the regular training session.” Chief Armstrong also testified that Tinner told him that she thought she had successfully completed the defensive-tactics course the second, time, and she did not understand why she did not pass the course.
¶ 11. The facts before us in the present case are distinguishable from the case of City of Clarksdale. In City of Clarksdale, 699 So.2d at 582 (¶ 19, ¶ 21), the supreme court held that Hawkins’s failure to pass the physical requirements necessary for his law-enforcement certification constituted misconduct because “an individual’s physical fitness can be uniquely within that person’s control,” and the evidence showed that Hawkins “could have worked harder or trained more.” Specifically, the supreme court found that “[w]hile at the Academy, Hawkins displayed a lack of interest and made little effort to perform to the best of his physical ability.” Id. at 580 (¶ 11). Evidence also showed that Hawkins refused to participate in extra training to improve, and he did not attempt to keep his physical fitness up to the standard required in order to pass the test at the Academy. Id. at 582 (¶ 20). However, in the present case, the record shows that the claims examiner generated a written statement[1] expressing that Tinner main *741 tained she had performed to her best ability in attempting to complete the required course. The ALJ’s findings of fact also reflect that Tinner believed she had passed the defensive-tactics course since she had given her best effort. Upon -review, the Board of Review adopted the findings of the ALJ and claims examiner. Moreover, the record reflects that the Board of Review affirmed the determination that Tin-ner’s dismissal resulted from inability — not lack of effort, willful misconduct, or willful failure to meet the physical requirements. See Wagner v. Hancock Med. Ctr., 825 So.2d 708 (Miss.Ct.App.2002).
¶ 12. In Halbert v. City of Columbus, 722 So.2d 522, 524 (¶ 10) (Miss.1998), -the Mississippi Supreme Court stated “with supporting evidence and in the absence of fraud, the- factual findings of the Board of Review are conclusive”; thus, our review of these decisions is limited to questions'of law. See Miss.Code Ann. § 71-5-531. Section 71-5-513(A)(1)(b) provides that an individual may be disqualified from unemployment benefits if he was discharged with misconduct connected with his work. The supreme court’reiterated: “The employer has the burden of showing by ‘substantial, clear, and convincing evidence’ that the former employee’s conduct'warrant[ed] disqualification from eligibility for benefits.” Halbert, 722 So.2d at 524 (¶10) (citing City of Clarksdale, 699 So.2d at 580). It its analysis, the Halbert court addressed what conduct constituted misconduct, and the court found the willful and deliberate actions' of Lillie Halbert, the employee, violated established ’policy and, therefore, constituted misconduct. Id. at 525-27 (¶¶ 11-21). As previously noted herein, the supreme court in City of Clarksdale defined misconduct as used in the unemployment-compehsation statute as “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee!,]” clarifying that “[m]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered ‘misconduct’ within the meaning of [section 71-5-513].” City of Clarksdale, 699 So.2d at 581 (¶ 17) (citations omitted)
¶ 13. The City argues the written statement by the claims examiner expressing that Tinner maintained that she performed to her best ability constitutes hearsay,’ and the City submits that Tinner failed to appear at the hearing and provide testimony to support the statement. The City submits that in Williams v. Mississippi Employment Security Commission, 395 So.2d 964, 966 (Miss.1981), the supreme court held that “uncorroborated hearsay is not substantial evidence^]” However, we acknowledge that administrative-agency hearings are not limited to strict rules of evidence. See McClinton v. Miss. Dept of Employment Sec., 949 So.2d 805, 809-10 (¶ 10) (Miss.Ct.App.2006).
¶ 14. We also recognize this Court has' ’ clarified for administrative-agency hearings “that if hearsay, even if not corroborated in the traditional sense, is highly probative because it has strong indicia of reliability, it can at least in many situations be substantial evidence.” Id. at 814 (¶ 29). Administrative-agency hearings may consider hearsay, such as properly admitted personal affidavits even where contradicted by the live- testimony of a claimant, and where there is no corroborative live testimony. Id. at 814-15 (¶ 29), *742 see also Henry v. Miss. Dep’t of Employment Sec., 962 So.2d 94, 101 (¶20) (Miss.Ct.App.2007). We acknowledge that in this .case, the City bore the burden to show by elear-and-convincing evidence that Tin-ner’s conduct - warranted disqualification from unemployment benefits. Miss.Code Ann. § 71-5—515(A)(1)(c); City of Clarksdale, 699 So.2d. at 680 (¶ 15); Shavers, 708 So.2d at. 186 (¶ 8). The reason provided by the Academy for Tinner’s failure to attain certification was Tinner’s failure, to complete the,de£ense-tactics course. The record reflects the City failed to provide sufficient evidence to convince the fact-flnder, the Board of Review. of the Mississippi Employment Security Commission, by substantial, dear-and-convincing evidence, that Tinner whs unsuccessful in obtaining her law-enforcement certification due to misconduct, regardless of whether this alleged hearsay statement was considered or not. We find, however, that the City’s argument is misplaced since the statement at issue is encompassed in' the findings of fact made by the AL J and adopted, by the Board of Review. We thus hold these findings of fact fail to constitute an eviden-tiary, matter.
¶15. The record shows' the Board of Review determined the City failed to show that Tinner’s conduct rose to the level of misconduct, which would warrant disqualification from eligibility for unemployment benefits. As a result,, we find the Board of Review’s subsequent award of unemployment benefits to be supported by substantial evidence. Huckabee, 736 So.2d at 393 (¶9). Indeed, the record supports the Board, of Review and circuit court’s findings that Tinner’s failure to pass the required course resulted from her inability, not willful and wanton disregard. Judicial review in unemployment cases is limited to a determination of whether the decision is supported by the evidence. Halbert, 722 So.2d at 524 (¶ 10). See Texas Workforce Comm’n v. City of Houston 274 S.W.3d 263, 269 (Tex.Ct.App,2008) (Claimant’s failure to pass the physical requirement for a position did not constitute misconduct connected with work where the Board of Review found the claimant made a good-faith attempt to pass the test). Therefore, we affirm the circuit court’s judgment, which affirmed the Board of Review’s decision to award Tin-ner unemployment benefits.
¶ 16. THE JUDGMENT OP THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J;, BARNES, ISHEE AND RUSSELL,. JJ„ CONCUR. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN.OPINION JOINED BY ROBERTS AND MAXWELL, JJ. FAIR, J., NOT PARTICIPATING.

, Carolyn Butler, a Human Resources Associate for the Mississippi Department of Employment Security, interviewed Tinner after her discharge. Butler filled out a General Dis *741 charge Questionnaire in which-she detailed her interview with Tinner.