# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CC-00555-COA

**FRANKLIN COLLECTION SERVICE, INC.**                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                    **APPELLEES**
**EMPLOYMENT SECURITY AND ANGELICA**
**WESTBROOK**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2014 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL D. CHASE |
| ATTORNEY FOR APPELLEES: | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW'S DECISION THAT CLAIMANT WAS ENTITLED TO BENEFITS |
| DISPOSITION: | AFFIRMED – 01/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Franklin Collection Service appeals an unemployment-compensation-benefits

decision.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Angelica Westbrook was employed for ten months as a collector with Franklin

Collection Service.  Brittany Thomas, a collection supervisor, testified that Westbrook was

fired after Westbrook told a debtor that a $15 processing fee was an interest charge during

a collection phone call. Since Franklin Collection did not assess or collect interest on debt payments, Westbrook's statement was in violation of the Fair Debt Collection Practices Act (FDCPA) and Franklin Collection's company policy. According to Franklin Collection's policy, any violation of the FDCPA meant automatic termination.

¶3.　After her termination, Westbrook filed for unemployment benefits. A Mississippi Department of Employment Security (MDES) claims examiner interviewed Westbrook. Franklin Collection, in response, submitted a U1-21A form indicating that Westbrook was discharged for giving false information regarding a processing fee, which violated the FDCPA. The claims examiner approved Westbrook's claims on the ground that Franklin Collection had not shown that it discharged Westbrook for misconduct.

¶4.　Franklin Collection appealed and a telephonic hearing was held before an administrative law judge (ALJ). Thomas testified on the employer's behalf. Thomas, herself, along with a collection manager, reviewed the call that led to Westbrook's termination. Thomas testified that she heard Westbrook say that the processing fee was interest on the debtor's account. Thomas also testified that there had not been any similar incidents with Westbrook. Westbrook, however, denied having made the statement and further stated that if she had she did not remember doing so. The ALJ affirmed the claims examiner's determination, finding that Franklin Collection failed to prove misconduct. The ALJ found that Franklin Collection failed to prove that Westbrook willfully or deliberately disregarded the employer's interests.

¶5. Franklin Collection appealed the ALJ's ruling to the Board of Review. Adopting the findings of fact and decision of the ALJ, the Board affirmed. Franklin Collection then appealed to the Circuit Court of Lee County, which affirmed. Franklin Collection now appeals to this Court, raising the following issues: (1) whether Westbrook's action constituted misconduct under the law, (2) whether MDES's decision was arbitrary and capricious, and (3) whether MDES's decision is supported by substantial evidence.

**STANDARD OF REVIEW**

¶6. In reviewing the decision of MDES, this Court will overturn the agency's decision only where the decision: "(1) is not support by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates [the claimant's] constitutional rights." *Maxwell v. Miss. Emp't Sec. Comm'n*, 792 So. 2d 1031, 1032 (¶7) (Miss. Ct. App. 2001). "The findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to question of law." Miss. Code Ann. § 71-5-531 (Rev. 2011).

**DISCUSSION**

**I.     Misconduct**

¶7. Franklin Collection argues that Westbrook's false statement during the phone call is misconduct as a matter of law. The ALJ found that Westbrook's action did not rise to the level of misconduct, which would warrant disqualification from eligibility for unemployment benefits. Franklin Collection argues that misconduct occurs where an employer establishes

an applicable policy and standard of behavior, the standard is communicated to its employees, and the employee violates this policy. An employee's violation of an employer's policy, however, does not automatically constitute misconduct. The Mississippi Supreme Court defined misconduct as:

> Conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employee . . . . Mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, or inadvertence and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered "misconduct" within the meaning of the statute.

*Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982).

¶8. Thus, Franklin Collection must show something more than mere negligence. *Miss. Emp't Sec. Comm'n v. Jones*, 755 So. 2d 1259, 1262 (¶¶10-11) (Miss. Ct. App. 2000) (citing *Miss. Emp't Sec. Comm'n v. Borden*, 451 So. 2d 222, 225 (Miss. 1984)). Westbrook's conduct also must manifest willful and wanton disregard of Franklin Collection's interest, as stated in *Wheeler. See id*.

¶9. In *Shavers v. Mississippi Employment Security Commission*, 763 So. 2d 183, 186 (¶12) (Miss. Ct. App. 2000), we affirmed the denial of unemployment benefits to the claimant after she was "reprimanded at least five times for failing to properly clean the silk screens and the squeegees." Likewise, in *Magee v. Mississippi Department of Employment Security*, 77 So. 3d 1159, 1164 (¶12) (Miss. Ct. App. 2012), we found that the claimant, a driver for the employer, showed carelessness and negligence sufficient to warrant a finding

4

of misconduct by his involvement in four accidents within a six-month period. By contrast, in *Kemper County School District v. Mississippi Employment Security Commission*, 832 So. 2d 548, 550 (¶¶10-12) (Miss. Ct. App. 2002), we held that the claimant's failure to accomplish numerous job-related tasks in violation of work policies and procedures did not rise to the requiste level to justify disqualification of unemployment benefits. The claimant had been an employee of the school district for eleven years. *Id*. at 549 (¶3). While several violations had certainly occurred during that period, the claimant's conduct did not appear to be willful, wanton, deliberate, or in disregard of the standards of behavior the employer expected from the claimant. *Id*. at 550-51 (¶12). We agreed that the employer had ample reason to terminate the claimant, but it simply had not proven misconduct as defined in *Wheeler. Id*.

¶10. Here, we cannot clearly say that Westbrook's statement was more than mere negligence. Westbrook testified that she did not believe she referred to the employer's fee as interest. Thomas testified that Westbrook did refer to the fee as interest, and although this was a one-time incident, the policy called for automatic termination. Franklin Collection offered no proof that Westbrook deliberately misrepresented the processing fee as an interest charge. We certainly understand and agree that Franklin Collection had ample reason to terminate Westbrook. A termination for cause, however, does not necessarily require that unemployment benefits be denied. The ALJ found that the cited reason for termination did not amount to the requisite misconduct to preclude unemployment benefits. The Board

5

adopted the findings of the ALJ, which stated the "evidence on record does not establish that [Westbrook] willfully or deliberately disregarded the employer's interest."

¶11. In response to the dissenting opinion, these findings of fact are supported by substantial evidence and are conclusive. Our appellate jurisdiction is limited to questions of law.

## II. Substantial-Evidence and Arbitrary-and-Capricious Standard

¶12. We will combine the analysis of Franklin Collection's last two issues. Franklin Collection argues that the Board's decision was arbitrary and capricious and was not supported by substantial evidence . Franklin Collection provides two reasons to support this contention: the Board gave an insufficient explanation for the decision, and there is insufficient evidence to support the possible factual findings that might have led to the Board's decision.

¶13. The supreme court has stated an "agency's decision is 'arbitrary' when it is not done according to reason or judgment, but depending on the will alone." *Pub. Emps' Ret. Sys. v. Marquez*, 774 So. 2d 421, 429 (¶34) (Miss. 2000). Furthermore, a decision is capricious "if it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." *Id*. at 429, 430 (¶34). "If an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious." *Id*. at 430 (¶35).

¶14. Franklin Collection contends that the Board's decision was arbitrary and capricious

6

because the Board did not give a clear reason for finding that Franklin Collection failed to prove misconduct. Based on our reading of the ALJ's decision, the ALJ did give clear reasoning for her decision to affirm the claims examiner's determination. The ALJ found that the evidence presented at the hearing did not show conduct that "wil[l]fully or deliberately disregarded the employer's interest." The ALJ then defined misconduct, as set out in *Wheeler.* The ALJ, relying on the evidence on record, found that Westbrook's actions did not rise to that level of misconduct. Thus, the ALJ's reasoning is clear: Franklin Collection failed to prove that Westbrook's actions are misconduct as defined in *Wheeler.* We find that the Board's decision was not made depending on the will alone or in a whimsical manner. Therefore, the judgment was not arbitrary or capricious.

¶15. Franklin Collection also argues that the Board's decision is not supported by substantial evidence. The ALJ, however, considered all the evidence that was made part of the record and, based on that evidence, found that misconduct had not been established. At the hearing before the ALJ, Thomas, on behalf of Franklin Collection, testified that Westbrook gave false information to a debtor. Westbrook, by contrast, testified that she did not recall making the statement. Moreover, Thomas testified that she did ask Westbrook why she used the word "interest" instead of "convenience fee, " and Westbrook stated that "she did not realize she said interest."

¶16. The Board, adopting the ALJ's finding of fact and opinion, found that Franklin Collection failed to prove misconduct. We show deference to the factual findings of the

Board and hold that based on the evidence presented, the Board's decision was supported by substantial evidence. Both of these issues are without merit.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, FAIR AND WILSON, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.**

**CARLTON, J., DISSENTING:**

¶18. I respectfully dissent from the majority's opinion. Mississippi Code Annotated section 71-5-513(A)(1)(b) (Supp. 2015) provides that an employee will be disqualified for benefits due to misconduct connected with work. The evidence presented below established that Franklin Collection terminated Westbrook for misconduct connected to her work and that Westbrook was therefore disqualified from receiving unemployment benefits.

¶19. Westbrook worked for Franklin Collection as a debt collector. The record reflects that Westbrook's work-related misconduct violated both Franklin Collection's policies and federal law applicable to Franklin Collection's debt-collection services.[1] The record shows that Franklin Collection discharged Westbrook in accordance with its policy of terminating employees who violated the FDCPA. The record also reflects that MDES's decision was arbitrary and unsupported by the evidence or by the law applicable in this case.

¶20. A review of the record reflects that Westbrook initially told the claims examiner she

---

[1] *See* Fair Debt Collection Practices Act § 807, 15 U.S.C. § 1692e (2012).

did not recall describing the $15 convenience processing fee as an interest charge to a debtor during a phone call. After the claims examiner approved Westbrook's claim, Franklin Collection appealed the initial determination. At a telephonic evidentiary hearing before an ALJ, Franklin Collection presented the testimony of Westbrook's supervisor, Thomas. Franklin Collection's evidence showed that, by her own admission, Westbrook was aware of the company's policies. The record reflects that Franklin Collection provided no interest loans and charged only a convenience fee for processing loan payments made by phone, credit card, or debit card. Franklin Collection presented evidence that it had a phone-monitoring service to monitor all the debt-collection calls. Franklin Collection's evidence showed that the phone-monitoring service notified Westbrook's supervisor, Thomas, that Westbrook had misrepresented to a debtor that a processing fee was an interest charge.

¶21. Thomas testified that she listened to the recorded phone call and reviewed a summary of the phone call. Thomas also reviewed the recorded call with her collection manager, Mike Taurse. In so doing, Thomas confirmed that Westbrook made the misrepresentation to the debtor. Thomas testified that Franklin Collection had to comply with the FDCPA in order to operate and that section 807 of the FDCPA prohibits debt collectors from using false or misleading information in connection with any debt. Thomas explained that violations of the FDCPA could also result in lawsuits against Franklin Collection.

¶22. Westbrook admitted that Franklin Collection provided her with job training on how to conduct collection calls, and she testified that she was aware of the company policies at

9

issue. Even though Westbrook first told the claims examiner that she had no recollection of what she told the debtor during the phone call, she later changed her statement at the subsequent evidentiary hearing and denied ever saying anything about an interest fee. The evidentiary hearing reflects that Franklin Collection met its burden of proof by clear and convincing evidence to establish work-related misconduct through direct testimony, and not hearsay, of Thomas, who verified the content of Westbrook's recorded collection call. Furthermore, the record reflects that Westbrook herself established that she was aware that such conduct violated Franklin Collection's company policy. Other testimony given by Westbrook was substantially contradicted and impeached.

¶23. The record shows that Franklin Collection met its burden of proof by establishing that Westbrook engaged in work-related misconduct that disqualified her for benefits. *See* Miss. Code Ann. § 71-5-513(A)(1)(b). Disqualifying misconduct includes the following:

> [C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer . . . .

*Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982) (citation omitted); *see also Miss. Emp't Sec. Comm'n v. McLane-S. Inc.*, 583 So. 2d 626, 627 (Miss. 1991).

¶24. As acknowledged, the employer bears the burden of establishing such misconduct by clear and convincing evidence, and this evidentiary standard requires more than a mere

10

preponderance of the evidence. *Jackson Cty. Bd. of Supervisors v. Miss. Emp't Sec. Comm'n*, 129 So. 3d 178, 183 (¶12) (Miss. 2013). The record in this case shows that Franklin Collection clearly met this burden of proof through the testimony of Thomas, who provided direct testimony to establish Westbrook's misconduct. Furthermore, Westbrook herself admitted to being trained on Franklin Collection's debt-collection policies. The record reflects that Westbrook's misconduct not only violated Franklin Collection's policies but also exposed the company to financial liability and other legal jeopardy.

¶25. Engaging in conduct that violates established company policy and that also exposes the employer to financial and other legal liability constitutes willful misconduct evincing a wanton disregard for the employer's interest. *See Wheeler*, 408 So. 2d at 1383. I therefore find that the decision below was arbitrary and not supported by substantial evidence. Accordingly, I respectfully dissent from the majority's opinion.