JAMES, J.,
for the Court:
¶ 1. Franklin Collection Service appeals an unemployment-compensation-benefits decision. . We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Angelica Westbrook was employed for ten months as a collector with Franklin Collection Service. Brittany Thomas, a collection supervisor, testified’that West-brook was -fired after Westbrook told a debtor that a $15 processing fee was an interest charge' during a collection phone call. Since Franklin Collection did not assess or collect interest on debt payments, Westbrook’s statement was in violation of the Fair Debt Collection Practices Act (FDCPA) and Franklin Collection’s company policy. According to Franklin Collection’s policy, any violation of the FDCPA meant automatic termination.
¶ 3. After her termination, Westbrook filed for unemployment benefits. A Mississippi Department of Employment Security .(MDES) claims examiner interviewed Westbrook. Franklin Collection, in response, submitted a U1-21A form.indicating that Westbrook was discharged for giving false information regarding a processing fee, which violated the FDCPA. The claims examiner approved West-brook’s claims on the ground that Franklin Collection had not shown that it discharged Westbrook for misconduct.
*332 ¶4. Franklin Collection appealed and a telephonic hearing was held before an administrative law judge (ALJ). Thomas testified on the employer’s behalf. Thomas, herself, along with a collection manager, reviewed the call that led to West-brook’s termination. Thomas testified that she heard Westbrook say that the processing fee was interest on the debtor’s account. Thomas also testified that there had not been any similar incidents with Westbrook. Westbrook, however, denied having made the statement and further stated that if she had she did not remember doing so. The ALJ affirmed the claims examiner’s determination, finding that Franklin Collection failed to prove misconduct. The ALJ found that Franklin Collection failed to prove that Westbrook willfully or deliberately disregarded the employer’s interests.
¶ 5. Franklin Collection appealed the ALJ’s ruling to the Board of Review. Adopting the findings of fact and decision of the ALJ, the Board affirmed. Franklin Collection then appealed to the Circuit Court of Lee County, which affirmed. Franklin Collection now appeals to this Court, raising the following issues: (1) whether Westbrook’s action constituted misconduct under the law, (2) whether MDES’s decision was arbitrary and capricious, and (3) whether MDES’s decision is supported by substantial evidence.
STANDARD OF REVIEW
¶6. In reviewing the decision of MDES, this Court will overturn the agency’s decision only where the decision: “(1) is not support by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates [the claimant’s] constitutional rights.” Maxwell v. Miss. Emp’t Sec. Comm’n, 792 So.2d 1031, 1032 (¶ 7) (Miss.Ct.App.2001). “The findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to question of law.” Miss.Code Ann. § 71-5-531 (Rev.2011).
DISCUSSION
I. Misconduct
¶ 7. Franklin Collection argues that Westbrook’s false statement during the phone call is misconduct as a matter of law. The ALJ found that Westbrook’s action did not rise to the level of misconduct, which would warrant disqualification from eligibility for unemployment benefits. Franklin Collection argues that misconduct occurs where an employer establishes an applicable policy and standard of behavior, the standard is communicated to its employees, and the employee violates this policy. An employee’s violation of an employer’s policy, however, does not automatically constitute misconduct. The Mississippi Supreme Court defined misconduct as:
Conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employee_Mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, or inadvertence and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 8. Thus, Franklin Collection must show something more than mere negligence. Miss. Emp’t Sec. Comm’n v. Jones, 755 So.2d 1259, 1262 (¶¶ 10-11) (Miss.Ct.App.2000) (citing Miss. Emp’t *333 Sec. Comm’n v. Borden, 451 So.2d 222, 225 (Miss.1984)). Westbrook’s conduct also must manifest willful and wanton disregard of Franklin Collection’s interest, as stated in Wheeler. See id.
¶ 9. In Shavers v. Mississippi Employment Security Commission, 763 So.2d 183, 186 (¶ 12) (Miss.Ct.App.2000), we affirmed the denial of unemployment benefits to the claimant after she was “reprimanded at least five times for failing to properly clean the silk screens and the squeegees.” Likewise, in Magee v. Mississippi Department of Employment Security, 77 So.3d 1159, 1164 (¶ 12) (Miss.Ct.App.2012), we found that the claimant, a driver for the employer, showed carelessness and negligence sufficient to warrant a finding of misconduct by his involvement in four accidents within a six-month period. By contrast, in Kemper County School District v. Mississippi Employment Security Commission, 832 So.2d 548, 550 (¶¶ 10-12) (Miss.Ct.App.2002), we held that the claimant’s failure to accomplish numerous job-related tasks in violation of work policies and procedures did not rise to the requisite level to justify disqualification of unemployment benefits. The claimant had been an employee of the school district for eleven years. Id. at 549 (¶ 3). While several violations had certainly occurred during that period, the claimant’s conduct did not appear to be willful, wanton, deliberate, or in disregard of the standards of behavior the employer expected from the claimant. Id. at 550-51 (¶ 12). We agreed that the employer had ample reason to terminate the claimant, but it simply had not proven misconduct as defined in Wheeler. Id.
¶ 10. Here, we cannot clearly say that Westbrook’s statement was more than mere negligence. Westbrook testified that she did not believe she referred to the employer’s fee as interest. Thomas testified that Westbrook did refer to the fee as interest, and although this was a one-time incident, the policy called for automatic termination. Franklin Collection offered no proof that Westbrook deliberately misrepresented the processing fee as an interest charge. We certainly understand and agree that Franklin Collection had ample reason to terminate Westbrook. A termination for cause, however, does not necessarily require that unemployment benefits be denied. The ALJ found that the cited reason for termination did not amount to the requisite misconduct to preclude unemployment benefits. The Board adopted the findings of the ALJ, which stated the “evidence on record does not establish that [Westbrook] willfully or deliberately disregarded the employer’s interest.”
¶ 11. In response to the dissenting opinion, these findings of fact are supported by substantial evidence and are conclusive. Our appellate jurisdiction is limited to questions of law.
II. Substantial-Evidence and Arbitrary-and-Capricious Standard
¶ 12. We will combine the analysis of Franklin Collection’s last two issues. Franklin Collection argues that the Board’s decision was arbitrary and capricious and was not supported by substantial evidence. Franklin Collection provides two reasons to support this contention: the Board gave ari insufficient explanation for the decision, and there is insufficient evidence to support the possible factual findings that might have led’to the Board’s decision.
¶ 13. The supreme court has stated an “agency’s decision is ‘arbitrary' when it is not done according to reason or judgment, but depending on the will alone.” Pub. Emps’ Ret. Sys. v. Marquez, 774 So.2d 421, 429 (¶ 34) (Miss.2000). Furthermore, a decision is capricious “if it is done without reason, in a whimsical man *334 ner, implying either a lack .of understanding of or a disregard for the surrounding facts and settled controlling principles.” Id. at 429, 430 (¶ 34). “If an administrative agency’s decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious.” Id. at 430 (¶ 35),
¶ 14. Franklin Collection contends that the Board’s decision was arbitrary and capricious because the Board did not give a clear reason for finding that Franklin Collection failed to prove misconduct. Based on our reading of the ALJ’s decision,' the ALJ did give clear reasoning for her decision to affirm the claims examiner’s determination. The ALJ found that the evidence presented at the hearing did not show conduct that “wil[l]fully or deliberately disregarded the employer’s interest.”; The ALJ then defined misconduct, as set out in Wheeler. The ALJ, relying on the evidence on record, found that Westbrook’s actions did not rise to that level of misconduct. Thus, the ALJ’s reasoning is clear:. Franklin Collection failed to prove that Westbrook’s actions are misconduct as defined in Wheeler. We find that the Board’s decision was not made depending on the will alone or in a whimsical manner. Therefore, the judgment was not arbitrary or capricious.
¶ 15. Franklin Collection also argues that the Board’s decision is not supported by substantial evidence. The ALJ, however, considered all the evidence that was made part of the record and, based on that evidence, found that misconduct had not been established. At the hearing before the ALJ, Thomas, on behalf of Franklin Collection, testified that Westbrook gave false information to a debtor. Westbrook, by contrast, testified that she did not recall, making the statement. Moreover, Thomas testified that she did ask Westbrook why she used the word “interest” instead of “convenience fee,” and Westbrook stated that “she did not realize she said interest.”
■ ¶ 16.- The Board, adopting the ALJ’s finding of fact and opinion, found that Franklin Collection failed to prove misconduct. We show deference to ■ the factual findings of the Board and hold that based on the evidence presented, the' Board’s decision was supported by substantial evidence. Both of these issues are without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, FAIR AND WILSON, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.